## APPEAL OF THEODORE SCHILLING.

Docket No. 4323.    Submitted September 25, 1925.    Decided February 19, 1926.

Section 205(c) of the Revenue Act of 1921 construed.

*Gerard B. Townsend, Esq.*, for the taxpayer.
*W. F. Gibbs, Esq.*, for the Commissioner.

Before STERNHAGEN and ARUNDELL.

This is an appeal from the determination of a deficiency of $114.20 in income taxes for 1921. The taxpayer alleges the Commissioner erred in computing the tax on the taxpayer's share of profits of a partnership whose return was made on the basis of a fiscal year ended June 30, 1921. The facts are not disputed. There was no appearance on behalf of the taxpayer at the hearing, and the case was submitted on the pleadings and briefs.

### FINDINGS OF FACT.

The taxpayer is a nonresident alien individual. He is a member of the firm of Frederick Ludevig & Co., a partnership doing business in the United States at 110 Fifth Avenue, New York City.

The taxpayer's return was for the calendar year. The partnership return was on the basis of a fiscal year ended June 30, 1921. His share of the partnership profits was $9,720.66. His only other income in 1921, was $892.91, interest. In computing the tax, he applied the normal rate for 1920 to one-half of his income from the

partnership, and he applied the normal and surtax rates for 1921 to the sum of one-half of the income from the partnership and his other income in 1921, as illustrated by the following table:

| | | Applicable to— | |
|---|---|---|---|
| | | 1921 | 1920 |
| Interest | | $892.91 | |
| Profit from partnership | | 4,860.33 | $4,860.33 |
| | | 5,753.24 | |
| Deduction: Taxes paid | | 427.18 | |
| | | 5,326.06 | |
| Personal exemption | | 1,000.00 | |
| Amounts taxable | | 4,326.06 | 4,860.33 |
| Normal tax | | 346.08 | 388.83 |
| Surtax | | 3.26 | |
| Total tax, $738.17. | | | |

The Commissioner's computation was made as shown below:

| | |
|---|---|
| Total net income | $10,186.39 |
| Personal exemption | 1,000.00 |
| | 9,186.39 |
| Normal tax at 8 per cent | 734.91 |
| Surtax on $10,000 | 110.00 |
| Surtax on $186.39 | 7.46 |
| Total tax | 852.37 |
| Originally assessed | 738.17 |
| | 114.20 |

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

ARUNDELL: The taxpayer made his 1921 income-tax return for the calendar year. The principal part of his income was his distributive share, as a partner, of the net income of Frederick Ludevig & Co. The latter made a return on the basis of a fiscal year ended June 30, 1921. The taxpayer reported the entire amount of his distributive share of the income of the partnership for the fiscal year mentioned, which is in conformity with section 210 (a) of the Revenue Act of 1921. This statute also provides (section 205 (c)) for subjecting such income to tax at the rates in effect in the different calendar years into which the fiscal year extends. The section reads as follows:

If a fiscal year of a partnership begins in 1920 and ends in 1921, or begins in 1921 and ends in 1922, then (1) the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such

partnership net income (determined under the law applicable to such year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and (2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year.

In the 1918 Act, and also in the 1924 Act, a method of computing the tax in such cases was prescribed. The 1918 provision is set out below; the 1924 provision is substantially the same.

SEC. 206. That whenever parts of a taxpayer's income are subject to rates for different calendar years, the part subject to the rates for the most recent calendar year shall be placed in the lower brackets of the rate schedule provided in this title, the part subject to the rates for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to that year, and so on until the entire net income has been accounted for. * * *

There is no similar provision in the 1921 Act.

In computing the tax the Commissioner allocated the entire net income to the so-called brackets provided for by section 211 of the 1921 Act—apparently first disposing of the proportion of net income subject to 1921 rates, and then allocating the proportion subject to 1920 rates without leaving any gaps in the brackets not entirely filled by the 1921 proportion. He then computed the tax on the entire amount at one operation, assuming that, since the 1920 rates and 1921 rates are the same in so far as they affect this taxpayer, there would by his method of allocation be no difference in the result, which is true. The taxpayer in making his computation placed each proportion of his income in the lower brackets of the respective years.

Section 205 (c) of the 1921 Act provides that "the rates for the calendar year during which such fiscal year begins shall apply * * *." The question is, to what rates does this language refer? Does it mean the minimum rates, as contended by the taxpayer, or does it mean those rates of the 1920 rate schedule corresponding to the 1921 rates which would apply without question if section 205 (c) did not exist. In support of his position, the taxpayer invokes the rule of strict construction; that taxing statutes must not be extended by implication beyond their clear import, *Gould* v. *Gould*, 245 U. S. 151; *United States* v. *Field*, 255 U. S. 257; and the corollary, that if words are doubtful, the doubt must be resolved against the Government and in favor of the taxpayer. *United States* v. *Merriam*, 263 U. S. 179.

Section 205 (c) must be construed with reference to the other sections of the Act and its meaning found from the Act as a whole. *Kohlsaat* v. *Murphy*, 96 U. S. 153; *Mansfield* v. *Excelsior Refining*

*Co.*, 135 U. S. 326, 336; *United States* v. *Burr*, 159 U. S. 78, 84. Consideration of the other sections of Title II (relating to " income tax "), impels us to the conclusion that the meaning and intent of this section are clear, and therefore there is no room for the application of the principles relied on by the taxpayer. The vital sections in this title are 210 and 211. These are the sections that impose the tax. The other sections of the title contain definitions, bases for arriving at net income, methods of computing the tax in special cases, administrative provisions, etc. Section 210 imposes for each taxable year a normal tax of 8 per centum. Section 211 provides that, in addition to the normal tax, " there shall be levied, collected, and paid for each taxable year " a surtax upon net income from $5,000 (in the case of the year 1921) on up, by gradations, at progressively increasing rates. The net income reported by this taxpayer is all income for the taxable year 1921. For arriving at the amount of the surtax upon the net income for the taxable year, section 211 does two things; it specifies the graduated amounts of net income, (commonly referred to as brackets), which shall be subject to surtax; and it prescribes a graduated schedule of rates to be applied in these several brackets. It expresses clearly the intention of Congress to adopt a plan under which income should be subjected to progressively greater tax as it increased in amount. The section is modified by section 205 (c) only in the respect that, in the class of cases therein mentioned, a different schedule of rates is to be applied to a part of this income. We can find nothing in section 205 (c) which would authorize such part of the income to be taken out of the brackets where it is put by section 211 and to be placed in the lower brackets. Cf. *Appeal of M. Fowler*, 1 B. T. A. 1212. Section 205 (c) is subordinate to section 211, and the expressed intent of the latter is controlling in the construction of section 205 (c). *Oaha* v. *United States*, 152 U. S. 211, 214; *United States* v. *Burr*, 159 U. S. 78, 84.

The taxpayer also argues that his method must be adopted in order that effect may be given to the action of Congress in repealing section 206 of the Revenue Act of 1918. It is our view that section 206 merely prescribes the manner in which the tax shall be computed in cases coming within section 205 (c). Its omission left the way open to the Commissioner to adopt a method of applying section 205 (c) consistent with the provisions of the Act. We think the Commissioner's method is proper.

STERNHAGEN, dissenting: During the calendar year 1921, which was the taxpayer's accounting period, he received income through the partnership amounting to $9,720.66. This amount was his distributive share of the partnership income for its fiscal year ending

June 30, 1921, and was taxable to him under the following provision of the Revenue Act of 1921:

SEC. 218. (a) That individuals carrying on business in partnership shall be liable for income tax only in their individual capacity. There shall be included in computing the net income of each partner his distributive share, whether distributed or not, of the net income of the partnership for the taxable year, or, if his net income for such taxable year is computed upon the basis of a period different from that upon the basis of which the net income of the partnership is computed, then his distributive share of the net income of the partnership for any accounting period of the partnership ending within the fiscal or calendar year upon the basis of which the partner's net income is computed.

The method of computing the tax of the individual partner upon income which included his share of the partnership income covering a period which extended back into 1920 was expressly provided in section 205 (c):

If a fiscal year of a partnership begins in 1920 and ends in 1921, . . . then (1) the rates for the calendar year during which such fiscal year begins shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year, and (2) the rates for the calendar year during which such fiscal year ends shall apply to an amount of each partner's share of such partnership net income (determined under the law applicable to such calendar year) equal to the proportion which the part of such fiscal year falling within such calendar year bears to the full fiscal year.

The partnership's fiscal year began in the middle of 1920 and ended in the middle of 1921, so the proportion thereof which fell within the calendar year 1920 is one-half. One-half of this partner's share ($9,720.66) of the partnership income is $4,860.33, and section 205(c) provides that the rates for 1920 shall apply to this amount and that the rates for 1921 shall apply to the remaining half.

The taxpayer has computed his tax by taking each half separately and applying to each such amount the rates prescribed in the schedule of that year, as if such amount were a separate and independent subject of tax for that year, and then adding the taxes of the two years together and arriving at his total tax for 1921. Thus he applies to the 1921 proportion the normal tax and the lowest surtax, and to the 1920 proportion the normal tax, and escapes the higher surtax which would result if the 1921 schedule of rates were applied to the income as a whole. This he contends is a literal application of the statute to which he is expressly entitled.

The Commissioner has in effect (the schedules for 1920 and 1921 in this instance carrying the same rates) applied the 1921 rates up to $5,326.06, and then the next higher rates of the 1920 schedule to the remaining $4,860.33. The rates for 1920 and 1921 being the

same, this computation has the same result as the application of the 1921 rates directly to the entire income of the partner without apportionment.

I am of opinion that the Commissioner's method is not in accordance with the statute. If Congress had chosen to provide this formula, there could have been no room to question its fairness; but, when Congress chooses to prescribe a method as definitely as it did in section 205(c), it must be applied in accordance with its terms, and there is no room for any other method, however more reasonable the Commissioner may believe it to be. The Commissioner's method presupposes that after apportioning the income the lower rates are first applied to the 1921 income and the higher rates then applied to the 1920 income. I see no basis in the statute for this assumption or its converse. When the statute says that the rates of 1920 shall be applied to the 1920 proportion of income, I see no reason to incorporate the qualification that it means the higher rates applicable to an amount in excess of the 1921 income.

Were this construction otherwise doubtful, it would become unquestionably clear in the light of the further fact that the very method used by the Commissioner is one formerly expressly prescribed by statute and by the 1921 Act repealed. Section 206 of the Revenue Act of 1918 provided:

That whenever parts of a taxpayer's income are subject to rates for different calendar years, the part subject to the rates for the most recent calendar year shall be placed in the lower brackets of the rate schedule provided in this title, the part subject to the rates for the next preceding calendar year shall be placed in the next higher brackets of the rate schedule applicable to that year, and so on until the entire net income has been accounted for.

If Congress had intended that this method was to be continued, why did it repeal the provision? We must assume the repeal was deliberate and indicates an intention to discontinue the method then in force. The enactment of a similar provision again in the Revenue Act of 1924 can not be construed as retroactive in the absence of clear language to that effect. This is a situation of a very special nature, which Congress recognized by providing in a special section of the statute for its treatment. In such a situation, the statute must be applied precisely in accordance with its carefully drawn terms. It is the same sort of situation as we had before us in the *Appeal of F. J. Thompson, Inc.*, 1 B. T. A. 535, where a strict application of the statute worked favorably to the Commissioner. Here the reverse happens to be true.

On reference to the Board, LITTLETON and TRUSSELL concur in the dissent.