## KOHLSAAT *v.* MURPHY.

1. The joint resolution of March 2, 1867 (14 Stat. 571), repealing that portion of the fifth section of the act approved June 30, 1864 (13 id. 208), which subjected to a duty of ten per cent *ad valorem* "lastings, mohair cloth, silk, twist, or other manufacture of cloth, woven or made in patterns of such size, shape, and form, or cut in such manner, as to be fit for shoes, slippers, boots, bootees, gaiters, and buttons exclusively, not combined with india-rubber," did not revive the provision in the twenty-third section of the act of March 2, 1861 (12 id. 195), which placed such articles on the free list.

2. Patterns imported in 1870, made of cotton canvas cut into strips of the size and shape for slippers, more or less embroidered with worsted and silk, were dutiable under the last paragraph of the sixth section of the act of June 30, 1864 (13 Stat. 209), which imposes a duty of thirty-five per cent *ad valorem* on "manufactures of cotton not otherwise provided for."

ERROR to the Circuit Court of the United States for the Southern District of New York.

The facts are stated in the opinion of the court.

*Mr. Freeman J. Fithian* for the plaintiffs in error.

*The Solicitor-General, contra.*

Mr. Justice Clifford delivered the opinion of the court.

Repeal by implication of revenue and collection laws, except when the prior laws have been subjected to a general statutory revision, are not favored in legal decision, unless it appear that the prior provision has been re-enacted in the new regulation, or that the later act is repugnant to the former; and the Revised Statutes provide in express terms that, whenever an act is repealed which repealed a former act, such former act shall not thereby be revived unless it shall be expressly so provided. Rev. Stat., sect. 12, p. 2.

Six invoices of merchandise were imported into the port of New York, designated as embroidered slipper-patterns, being the ordinary slipper-patterns made of cotton canvas cut into strips of the size and shape for slippers, more or less embroidered with worsted and silk. Due entry of the goods described in the invoice was made at the custom-house of the port; and enough appears to show that the collector liquidated the duties at thirty-five per cent *ad valorem*, holding that the importations were subject to duty under the last clause of sect. 6 of the act of June 30, 1864, as other manufactures of cotton not otherwise provided for, certain articles of cotton manufacture therein previously named being declared subject to the same rate of duty. Appeal to the Secretary of the Treasury and due protest by the importers are admitted.

Payment was made by the importer under protest; and his executors instituted the present action of assumpsit in the State court, subsequently removed into the Circuit Court, and there prosecuted, to recover the excess of duty which, as they allege, the collector unlawfully exacted, and which the importer was compelled to pay to get possession of his goods. Protest was made upon two grounds: 1, That the goods were duty free under the act of March 2, 1861 (12 Stat. 195); or, 2, that the goods were subject to a duty of ten per cent *ad valorem* only, under the act of July 14, 1862, entitled an act increasing temporarily the duties on imports. Id. 650.

Instead of that, the United States contended in the court below, and still contend, that the decision of the collector, as approved by the Secretary of the Treasury, is correct, and that the goods imported were subject to an *ad valorem* duty of thirty-five per cent.

Appropriate issues being joined, the parties went to trial, and the verdict and judgment were for the defendant.     Exceptions were taken by the plaintiffs, and they sued out the present writ of error.

Questions of fact were determined by the jury, and the questions of law presented for decision are the same as those raised in the protest; or, in other words, the plaintiffs still maintain the two theories there set up: 1. That the goods imported were duty free; 2. That, if they were not duty free, they were subject only to an *ad valorem* duty of ten per cent.

Import duties of ten per cent *ad valorem* were imposed by the act of June 30, 1864, on lastings, mohair cloth, silk, twist, or other manufactures of cloth, woven or made in patterns of such size, shape, and form, or cut in such manner, as to be fit for shoes, slippers, boots, bootees, gaiters, and buttons exclusively, not combined with india-rubber, which duty, it will be observed, is imposed upon the enumerated articles by name.

Extensive lists of enumerated goods made of silk or wool, as well as of cotton, are also given in the fifth, sixth, and eighth sections of the act, which are made subject to the duty or rate of duty there provided.     Manufactures of silk, or of which silk is the component material of chief value, not otherwise provided for, are there made subject to a duty of fifty per cent *ad valorem.* Provision is also made that all manufactures of wool of every description, made wholly or in part of wool, not otherwise provided for, twenty-four cents per pound, and, in addition thereto, forty per cent *ad valorem.*  Cotton goods, to a large extent, are placed in the enumerated list; but the further provision is, that all other manufactures of cotton, not otherwise provided for, shall be subject to a duty of thirty-five per cent *ad valorem.*

Goods of the kind imported, if made of cotton, were, beyond all doubt, when that act went into operation, subject to a duty of ten per cent *ad valorem*, under the clause enumerating that class of goods and imposing that rate of duty.     13 id. 208.

Rates of duty on these articles remained unchanged from that time until the passage of the joint resolution of the 2d of March, 1867, which repealed the paragraph in sect. 5 of the act of June 30, 1864, enumerating the articles, and imposing a duty of ten per cent *ad valorem* on the same.     Wool is also

included in the repealing clause ; but that circumstance does not diminish the effect of the argument, as every article enumerated in the paragraph in question is specifically named in the repealing joint resolution.   14 id. 511.

Customs duties from that date were levied and collected on all the articles enumerated in that paragraph, if manufactured of cotton, at the rate of thirty-five per cent *ad valorem ;* the ruling of the department being, that the repeal of the clause enumerating the articles left the same dutiable under the clause imposing a duty of thirty-five per cent on all manufactures of cotton not otherwise provided for in the same act.

Manufacturers of buttons complained that their business could not bear so high a rate of duty, and Congress, at their request, amended the joint resolution referred to, and took buttons out of its operation, the effect of which was that lastings, mohair cloth, silk, twist, or other manufactures of cloth, woven or made in such manner as to be fit for buttons exclusively, became dutiable under the clause repealed by the before-mentioned joint resolution, and only at the rate of ten per cent *ad valorem.*

Collated in this manner, these statutory regulations are as plain in their construction as any thing which depends upon a revenue act of Congress well can be.  Cloth of the kind intended for buttons is dutiable at ten per cent *ad valorem ;* but all the other articles of manufactured cloth, woven or made of cotton, in patterns of such size, shape, and form, or cut in such manner, as to be fit for shoes, slippers, bootees, or gaiters, are dutiable under the clause embracing manufactures of cotton not otherwise provided for, at the rate of thirty-five per cent *ad valorem.*

Attempt at one time was made, as indicated in the second ground of the protest, to maintain the proposition that the repeal by the joint resolution referred to, of the enumerating paragraph in the act of June 30, 1864, revived the same provision in the act of July 14, 1862, which imposed the same duty as the repealed paragraph.   12 id. 550 ; *Butler* v. *Russell,* 11 Int. Rev. Rec. 30.

Eminent counsel urged the proposition ; but the court held otherwise, for reasons which are entirely satisfactory.  Nor is it necessary to examine that question, as the plaintiffs in this

case abandon that theory, and rest their case entirely upon the first ground assumed in the protest, — that the goods imported are exempt from duty; or, in other words, that the effect of the joint resolution under consideration was to repeal the paragraph in the two prior acts, to wit, the act of 1864 and the act of 1862, and to revive the corresponding provision in the act of the 2d of March, 1861, which included such goods in the free list.

Cases arise undoubtedly where it is properly held that the repeal of a repealing statute revives the old law; but the court is of the opinion that the rule in that regard is inapplicable to the case before the court, for several reasons, which will more fully appear from a review of the acts of Congress immediately preceding the act under which the duties in this case were levied and collected.

Temporary increase of import duties, to the extent of fifty per cent on the rates authorized by law, was imposed on the 29th of April next preceding the passage of that act, by the joint resolution of that date. 13 Stat. 405. But the events of that period required stable regulations, and it was the evident intention of Congress, in passing the act in question, to effect a permanent increase of duties to meet the public exigency; and they accomplished it in part by diminishing the free list and by changing the basis of computation in ascertaining the dutiable value of imported merchandise, and by including the costs and charges in the appraisement. All prior acts upon the subject, in force at the time, to the extent therein specified, were revised; and it is safe to affirm that the articles enumerated in that act were subject to no other duty than that which the act imposed.

Evidence to support that proposition is found in almost every section of the act. No reference to any other act is made for that purpose; but the twenty-second section of the act provides that the existing laws shall extend to, and be in force for, the collection of the duties imposed by this act, for the prosecution and punishment of all offences, and for the recovery, collection, distribution, and remission of all fines, penalties, and forfeitures, as fully and effectually as if every regulation, penalty, forfeiture, provision, clause, matter, and thing to that effect in

the existing laws contained had been inserted in and re-enacted in this act. Plain provision is also made that "the duties upon all goods, wares, and merchandise imported from foreign countries, not provided for in this act, shall be and remain as they were according to existing laws" at the time the joint resolution was passed which temporarily increased the rates of duties fifty per cent. 13 id. 405.

These provisions must be taken in connection with the repealing clause of the act; and, when so considered, it is clear that Congress intended to make a comprehensive and complete revision to the extent specified, of all the antecedent acts imposing import duties. When a revising statute covers the whole subject-matter of antecedent statutes, the revising statute virtually repeals the antecedent enactment, unless there is something in the nature of the subject-matter or the revising statute to indicate a contrary intention. *Davies et al.* v. *Fairbairn et al.*, 3 How. 636; *School District* v. *Whitehead,* 2 Beas. 290.

None of these principles are controverted by the plaintiffs; but still they insist that the joint resolution which repealed the paragraph in the act of the 30th of June, 1864, imposing the duty of ten per cent *ad valorem* on the goods, had the effect to revive the provision in the act of 1861, which placed such goods in the free list.

Nothing is contained in the joint resolution expressing any such intention, or to indicate that Congress did not intend exactly what followed, in case the antecedent provision is held not to be revived. Congress has now provided that whenever an act is repealed which repealed a former act, such former act shall not thereby be revived, unless it shall be expressly so provided; but that provision was not in force when the cause of action in this case arose, nor is it referred to for any other purpose than to show that such a conclusion ought not to be adopted in a case where it is unreasonable to suppose that Congress intended such a result.

Had it been supposed that such was the effect of the joint resolution, the manufacturers of buttons would never have applied for the relief which was granted to them by the second joint resolution. Beyond all doubt, they applied for that relief

upon the ground that their importations were dutiable at thirty-five per cent *ad valorem;* and it is equally certain that Congress granted the relief upon the ground that the second joint resolution left the cloth which the manufacturers of buttons imported subject to the duty of ten per cent *ad valorem,* as imposed prior to the passage of the first joint resolution.

Public necessity demanded increased rates of import duties when the joint resolution of the 29th of April, 1864, was passed; and every one having any knowledge upon the subject knows that the act of the 30th of June of that year was enacted for the express purpose of increasing the rates of duty on foreign importations: nor is it any less certain that the repeal of the paragraph in that act rendering the goods of the character in question dutiable at the rate of ten per cent *ad valorem* was regarded by Congress and the Treasury Department, and everybody else interested in the legislation, as a measure having the effect to augment the rate of duty from ten per cent *ad valorem* to thirty-five per cent, as the duties were liquidated in this case.

Customs duties on such importations, except where the article was woven or cut in patterns, so as to be fit for buttons exclusively, were levied and collected pursuant to that view of the law from the date of the repeal of that paragraph, March 2, 1867, to Nov. 15, 1870, when the present controversy arose. In the mean time, the manufacturers of cotton cloth intended for buttons complained that they were oppressed, and Congress passed the joint resolution to relieve their grievance. 15 id. 24.

By that resolution, it was provided that the prior joint resolution shall not be considered to apply to lasting, mohair cloth, silk, twist, or other manufactures of cloth, woven or made in patterns of such size, shape, and form, or cut in such a manner, as to be fit for buttons exclusively.

Viewed in the light of these provisions, it seems almost past belief that the attentive reader should have any doubt as to the intent of Congress or the legal effect of the joint resolution which repealed the enumerating paragraph in the act passed to increase duties on imports. 13 id. 208.

In the exposition of statutes, the established rule is that the

intention of the law-maker is to be deduced from a view of the whole statute, and every material part of the same ; and where there are several statutes relating to the same subject, they are all to be taken together, and one part compared with another in the construction of any one of the material provisions, because, in the absence of contradictory or inconsistent provisions, they are supposed to have the same object and as pertaining to the same system. Resort may be had to every part of a statute, or, where there is more than one *in pari materia*, to the whole system, for the purpose of collecting the legislative intention, which is the important inquiry in all cases where provisions are ambiguous or inconsistent.

Rules and maxims of interpretation are ordained as aids in discovering the true intent and meaning of any particular enactment ; but the controlling rule of decision in applying the statute in any particular case is, that, whenever the intention of the legislature can be discovered from the words employed, in view of the subject-matter and the surrounding circumstances, it ought to prevail, unless it lead to absurd and irrational conclusions, which should never be imputed to the legislature, except when the language employed will admit of no other signification.

Apply these rules to the case before the court, and it is clear that the goods imported in this case were subject to an *ad valorem* duty of thirty-five per cent, as appears from the following considerations : —

1. Importations of the kind were duty free under the act of March 2, 1861, which placed "lastings, mohair cloth, silk, twist, or other manufactures of cloth cut in strips or patterns of the usual size and shape for shoes, slippers, bootees, gaiters, and buttons exclusively, not combined with india-rubber, in the free list. 12 id. 195.

2. Goods of the kind were subject to a duty, under the act of July 14, 1862, of ten per cent *ad valorem*, the goods being described as follows : Lasting, mohair cloth, silk, twist, or other manufacture of cloth, woven or made in patterns of such size, shape, and form, or cut in such manner, as to be fit for shoes, slippers, boots, bootees, gaiters, and buttons exclusively, not combined with india-rubber.

3. All of the provisions of those two tariff acts imposing import duties, or prescribing the rates of such duties, were, to the extent therein specified, revised by the act of June 30, 1864; and the provision there made in respect to the kind of goods in question was as follows: " Lastings, mohair cloth, silk, twist, or other manufacture of cloth, woven or made in patterns of such size, shape, and form, or cut in such manner, as to be fit for shoes, slippers, boots, bootees, gaiters, and buttons exclusively, not combined with india-rubber, ten per cent *ad valorem*."

4. Congress, March 2, 1867, repealed that paragraph, as set forth in the last-named act, reciting the paragraph *in hæc verba*, adding therein the word " wool," showing conclusively that Congress intended to repeal the entire paragraph, which had been three times before incorporated into the tariff acts.

5. Manufacturers of buttons complained that the effect of the repeal was to impose an *ad valorem* duty of thirty-five per cent on fabrics designed and used for their manufacture, and insisted that it was greater than their business could bear. They were heard; and Congress, having become satisfied that their complaint was reasonable, passed the joint resolution of the 29th of March, 1867, which provided that the prior joint resolution repealing that paragraph " shall not be construed to apply to lastings, mohair cloth, silk, twist, or other manufactures of cloth, woven or made in patterns of such size, shape, and form, or cut in such manner, as to be fit for buttons exclusively," leaving it in full operation as to every other article in the paragraph.   15 id. 24 ; *Butler* v. *Russell, supra.*

Weighed in the light of these suggestions, which are deduced entirely from a comparison of the different provisions in the acts of Congress upon the same subject, it seems impossible to deny that the ruling of the circuit judge is correct.

Other questions were discussed at the bar, but they are not material to the decision of the present case.

*Judgment affirmed.*