HELLMICH, COLLECTOR, *v.* ISADORE N. HELLMAN.

SAME *v.* MILTON C. HELLMAN.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE EIGHTH CIRCUIT.

Nos. 299, 300.   Argued January 4, 5, 1928.—Decided February 20, 1928.

1. Under the Revenue Act of 1918, amounts distributed to the stockholders of a liquidating corporation out of earnings and profits accumulated by the corporation since February 28, 1913, are not to be treated as " dividends," which, under § 201 (a), are exempt from normal tax, but as payments made by the corporation in exchange for its stock, which are taxable " as other gains or profits." § 201 (c).   P. 236.

2. The objection that this results in double taxation, cannot prevail over the clearly expressed intention of the statute. P. 237.

18 F. (2d) 239, 244, reversed.

CERTIORARI, 275 U. S: 513, to review two judgments of the Circuit Court of Appeals sustaining recoveries of money paid under protest as income taxes.

*Assistant Attorney General Mabel Walker Willebrandt,* with whom *Solicitor General Mitchell* and *Mr. Sewall Key,* Attorney in the Department of Justice, were on the brief, for petitioner

*Mr. Henry H. Furth* for the respondents.

MR. JUSTICE SANFORD delivered the opinion of the Court.

The two Hellmans brought these suits against the Collector to recover additional income taxes assessed against them for the year 1919, under Title II of the Revenue Act of 1918,[1] and paid under protest. They recovered judgments in the District Court, which were affirmed by the Circuit Court of Appeals. 18 F. (2d) 239 and 244.

The question here is whether the gains realized by stockholders from the amounts distributed in the liquidation of the assets of a dissolved corporation, out' of its earnings or profits accumulated since February 28, 1913, were taxable to them as other "gains or profits," or whether the amounts so distributed were "dividends" exempt from the normal tax.

Sec. 201(a) of the Act defined the term "dividend" as "any distribution made by a corporation . . to its shareholders . . , whether in cash or in other property ᵥ . , out of its earnings or profits accumulated since February 28, 1913 . . " Sec. 201(c) provided that: "Amounts dis-

---

[1] 40 Stat. 1057, 1058, c. 18.

tributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares, and any gain or profit realized thereby shall be taxed to the distributee as other gains or profits." Sec. 216(a) provided that for the purpose of determining the "normal tax" upon the net income of an individual (§ 210), there should be allowed as a credit the "amount received as dividends from a corporation which is taxable . . upon its net income."

Treasury Regulations 45, which were promulgated under the Act, stated on the one hand, in Art. 1541, that for the purpose of the statute "dividends" comprise distributions made by a corporation to its stockholders "in the ordinary course of business, even though extraordinary in amount;" and, on the other hand, in Art. 1548, that: "So-called liquidation or dissolution dividends are not dividends within the meaning of the statute, and amounts so distributed, whether or not including any surplus earned since February 28, 1913, are to be regarded as payments for the stock of the dissolved corporations. Any excess so received over the cost of his stock to the stockholder, or over its fair market value as of March 1, 1913, if acquired prior thereto, is a taxable profit. A distribution in liquidation of the assets and business of a corporation, which is a return to the stockholder of the value of his stock upon a surrender of his interest in the corporation, is distinguishable from a dividend paid by a going corporation out of current earnings or accumulated surplus when declared by the directors in their discretion, which is in the nature of a recurrent return upon the stock."[2] These Regulations, with a change made in 1921 as to the second sentence of Art. 1548,[3] are still in effect so far as distributions in liquidation under the Act are concerned.

---

[2] Regulations 45, 1919 ed., 237, 240.

[3] By Treas. Dec. 3206 the following sentences were substituted for the second sentence: "Any excess so received over the cost of his stock to the stockholder constitutes income to such stockholder.

Each of the Hellmans owned one-half of the capital stock of a corporation which had a net surplus of $46,-466.27, of which at least $31,545.58 consisted of earnings and profits accumulated since February 28, 1913. In 1919, the corporation was dissolved and liquidated and its assets were distributed to the stockholders. In this liqui-dation each of the Hellmans realized a gain of $15,004.55 in the distribution made out of the earnings and profits accumulated since February 28, 1913. Each in his in-come tax return claimed that this was a "dividend" which under § 216(a) was to be credited on his net income for the purpose of the normal tax. The Commissioner of Internal Revenue, ruling these were gains subject to the normal tax, disallowed the claims and made the additional assessments here involved.

The decision of the Circuit Court of Appeals in this case is in direct conflict with that of the Circuit Court of Ap-peals for the Sixth Circuit in *Langstaff* v. *Lucas* (C. C. A.) 13 F. (2d) 1022.

The controlling question is whether the amounts dis-tributed to the stockholders out of the earnings and profits accumulated by the corporation since February 28, 1913, were to be treated under § 201(a) as "dividends," which were exempt from the normal tax; or, under § 201(c) as payments made by the corporation in exchange for its stock, which were taxable "as other gains or profits."

It is true that if § 201(a) stood alone its broad defini-tion of the term "dividend" would apparently include distributions made to stockholders in the liquidation of a

However, if such stock was acquired prior to March 1, 1913, and the fair market value as of such date was greater than the cost but less than the amount so distributed, the taxable income is the excess over such fair market value of the amount received, but no gain is recog-nized if the amount received, although more than cost, is less than the fair market value of the stock on March 1, 1913." 23 Treas. Dec. Int. Rev., 763, 769.

corporation—although this term, as generally understood and used, refers to the recurrent return upon stock paid to stockholders by a going corporation in the ordinary course of business, which does not reduce their stock holdings and leaves them in a position to enjoy future returns upon the same stock. See *Lynch* v. *Hornby*, 247 U. S. 339, 344–346; and *Langstaff* v. *Lucas* (D. C.) 9 F. (2d) 691, 694.

However, when § 201(a) and § 201(c) are read together, under the long-established rule that the intention of the lawmaker is to be deduced from a view of every material part of the statute, *Kohlsaat* v. *Murphy*, 96 U. S. 153, 159, we think it clear that the general definition of a dividend in § 201(a) was not intended to apply to distributions made to stockholders in the liquidation of a corporation, but that it was intended that such distributions should be governed by § 201(c), which, dealing specifically with such liquidation, provided that the amounts distributed should "be treated as payments in exchange for stock" and that any gain realized thereby should be taxed to the stockholders "as other gains or profits." This brings the two sections into entire harmony, and gives to each its natural meaning and due effect. The Treasury Regulations correctly interpreted the Act as making § 201(a) applicable to a distribution made by a going corporation to its stockholders in the ordinary course of business, and § 201(c) applicable to a distribution made to stockholders in liquidation of the corporation. And this is in accord with the rulings of the Board of Tax Appeals. *Appeal of Greenwood*, 1 B. T. A. 291, 295; *Appeal of Chandler*, 3 B. T. A. 146, 149.

The gains realized by the stockholders from the distribution of the assets in liquidation were subject to the normal tax in like manner as if they had sold their stock to third persons. The objection that this results in double taxation of the accumulated earnings and profits is no more

available in the one case than it would have been in the other. See *Merchants' L. & T. Co.* v. *Smietanki*, 255 U. S. 509; *Goodrich* v. *Edwards*, 255 U. S. 527. When, as here, Congress has clearly expressed its intention, the statute must be sustained even though double taxation results. See *Patton* v. *Brady*, 184 U. S. 608; *Cream of Wheat Co.* v. *Grand Forks*, 253 U. S. 325, 330.

The decree is

*Reversed.*