R. A. PATOUT & CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

MR. AND MRS. R. A. PATOUT, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 602, 601.   Promulgated March 14, 1928.

*Victor G. Gillingham, Esq.,* for the petitioners.
*J. Harry Byrne, Esq.,* for the respondent.

OPINION.

Love: It is contended on behalf of R. A. Patout & Co., that the Commissioner erred in disallowing as a deduction the amount of $2,219.35 on account of bad debts charged off in the year 1918. The evidence adduced fails to show that the debts in question were, in fact, worthless. Consequently, the Commissioner's determination in respect thereto is approved.

On behalf of Mr. and Mrs. R. A. Patout, it is contended that the amount of $23,552.75, determined by the Commissioner to constitute taxable gain from the liquidating dividend of R. A. Patout & Co., is not subject to the normal tax for the year 1919.

No question was raised as to the correctness of the Commissioner's determination as to the amount of taxable gain except insofar as it was affected by the alleged bad debts of the corporation, the deduction of which in 1918 was disallowed. We have hereinabove approved the Commissioner's disallowance of the deduction and, consequently, it follows that the amount of gain from the liquidation of the corporation as determined must be approved.

The evidence shows that the amount of $23,552.75 upon which the Commissioner proposes to assert both the normal and the surtax rates constituted earnings and profits of the corporation accumulated since March 1, 1913, and which on March 31, 1919, was distributed in liquidation of the corporation in the manner set forth in the findings of fact.

The Supreme Court of the United States in the case of *Hellmich* v. *Hellman*, 276 U. S. 233, held that amounts distributed in 1919 in liquidation of a corporation out of earnings and profits accumulated since February 28, 1913, are payments in exchange for its stock and subject to both normal and surtax under section 201(c), Act of 1918. Accordingly, the Commissioner's action in regard to the amount here in question is sustained.

Reviewed by the Board.

> *In the proceeding of R. A. Patout & Co., judgment will be entered for the respondent. In the proceeding of Mr. and Mrs. R. A. Patout, the deficiency as to Mr. R. A. Patout for the year 1919 is $76.41, and the deficiency as to Mrs. R. A. Patout will be redetermined on 15 days' notice, under Rule 50.*