*426 OPINION.
Phillips :
The sole question involved in the present proceeding is whether certain dividends, consisting of all surplus and profits of *427 the Martin-Dandridge Dry Goods Co. on June BO, 1920, which dividends were declared on or before that date, are subject to both the surtax and normal tax or subject only to surtax. The question arises under the provisions of section 201, subdivisions (a), (b), and (c), and section 216, subdivision (a) of the Revenue Act of 1918.
It is contended by petitioner that the dividends in question were declared prior to the dissolution of the corporation and are, therefore, not liquidating dividends; while the respondent claimed them to be in liquidation of the corporation and subject to both surtax and normal tax.
The preliminary step in the dissolution of a corporation is a proper resolution by the stockholders to dissolve. Thereafter any distribution of assets pursuant to that resolution may be said to be a distribution in the course of liquidation of the corporation. The record establishes that the stockholders’ meeting was called prior to June 30, 1920, to consider the advisability of dissolving the corporation. Acting on the purpose for which they were called, the stockholders resolved to dissolve the corporation on June 30, 1920, and form a partnership, and to transfer to the partnership all the assets of the corporation. At the same meeting they determined that all of the surplus and profits be divided in proportion to the amount of each one’s holdings in the corporation. These actions were consistent with the purpose of the meeting, i. e., to consider a dissolution of the corporation. On June 30, 1920, the stockholders of said corporation formed a partnership. On the same date all the stock had been turned in for cancellation. On June 30th the officers of the corporation under authority conferred upon them by the stockholders’ meeting, made closing journal entries to distribute all of the surplus of the corporation among the stockholders, and to transfer to the partnership the remaining assets and liabilities of the corporation. It seems, therefore, that on June 30, 1920, liquidation was, in fact, accomplished, and the fact that the corporation was not formally dissolved as provided by law until July 10, 1920, does not affect the character of the dividend declared from surplus as a liquidating dividend. Whether we look to the situation that existed when the dividend was declared or at the time it was paid, it is clear that the distribution of surplus and profits was not merely in anticipation of liquidation and dissolution, but was a step taken while the corporation was in the process of liquidation and dissolution and is a liquidating dividend subject to both surtax and normal tax. Langstaff v. Lucas, 13 Fed. (2d) 1022; 5 Am. Fed. Tax Rep. 6125; Hellmich v. Hellman, 276 U. S. 233; John K. Greenwood, 1 B. T. A. 291; E. T. Renfro et al., 8 B. T. A. 1295.
Reviewed by the Board.

Decision will l)e entered under Rule 50,