*495 OPINION.
Tiíammell :
The principal question involved in these proceedings is whether the liquidating dividends received by the two individuals is subject both to the normal and the surtax. The petitioners contend that the liquidating dividends were not subject to the normal tax. This question has now been decided adversely to the contention of the petitioners by the United States Supreme Court in the case of Hellmich v. Hellman, 276 U. S. 233.
With respect to the amount-of the liquidating dividends, the petitioners contend that the accounts receivable and inventory of January 31,1919, being part of the corporation’s assets, had a fair market valu§ of 50 per cent less than book value.
With respect to the accounts receivable, the testimony of Nicholson was that the value of the accounts was problematical and that he could not figure same without an examination. He could not, however,, name any of the debtors nor could he state what their financial status was. He did not know the balance outstanding against any of the debtors, nor did he know whether any of the accounts had been charged off.
The return for the twelve-month period ended January 31, 1920, shows that $961.61 of debts were ascertained to be worthless and charged off during that period, but there is no evidence that any part of this amount consisted of the accounts receivable as of January 31, 1919. In view of the uncertainty and indefiniteness and the unsatisfactory nature of the testimony with respect to the accounts receivable, we are unable to determine that they had a value less than that determined by the respondent.
*496 With respect to whether the inventory had a fair market value less than its book value as claimed by the petitioners, the record shows that during the twelve-month period after January 31, 1919, the business showed sales 33y3 per cent greater than during the prior twelve months. The inventory at January 31, 1920, was taken upon the same basis as the inventory of January 31, 1919.
The corporation carried on its business in the usual way up until the time of its dissolution in 1919. Purchases and sales were made in the usual course of business up until the corporation was dissolved on April 14, 1919, and the business was carried on in the usual manner by the partnership thereafter.
We have considered all the evidence in the case, but it is too indefinite and uncertain to warrant us in holding that the respondent was in error in determining the value of the assets received from the corporation in 1919, and we therefore approve the determination of the respondent.
We are not satisfied from the evidence before us that there was any error on the part of the respondent in determining the income of the partnership in 1920. The action of the respondent is, therefore, approved.
Judgment will he entered on 15 days' notice, under Rule 50.