*1021 OPINION.
Gbeen:
The respondent has based his deficiencies on the theoiy that the distribution to the stockholders of the Manufacturers National Bank by the trustees is taxable as a dividend. The petitioners contend that the monies paid to them by the trustees, acting for and oji behalf of the Manufacturers National Bank, constituted part of the consideration for the exchange of their stock in that bank for stock in the Citizens & Manufacturers National Bank, and, that under section 202 {e) of the Revenue Act of 1921, no income resulted from this transaction, because the amount of such monies did not exceed the basis prescribed by the statute to be used in the computation of gain or Joss resulting from the sale or other disposition of the stock.
To effect the merger of the two banks, a plan was devised whereby each bank should contribute the same amount of assets to the merged bank and then exchange stock in the old banks, share for share, for stock in the merged institution. The transfer of the necessary assets would leave the merged banks with assets in their possession. These additional assets, before the transfer to the Citizens & Manufacturers National Bank, were transferred to trustees for the benefit of the respective stockholders.
The facts in the instant case are analogous to those in Appeal of R. G. Hubbard, 2 B. T. A. 1287, in which an agreement was made between the active and inactive stockholders of a corporation to the effect that the inactive stockholders should transfer their common stock in the corporation to the persons actively engaged in the management of the business. This agreement was carried into effect under an arrangement providing for the exchange of the common stock for preferred stock in an amount equal to the book value of the common stock, after excluding from the assets of the corporation certain securities owned by it and all accounts theretofore charged off the books. It was also agreed that the securities mentioned should be divided among the inactive stockholders and that the accounts should be turned over to a trustee to be collected by him for the *1022 benefit of the new common stockholders. In that case we held that the transfer of the unpaid accounts of the corporation to a trustee, to collect and pay the same to certain stockholders, constituted a declaration of a dividend, which became income to the stockholders when paid to them by the trustee.
In our opinion the distributions under consideration should be treated as dividends in the years in which they were paid.
Reviewed by the Board.

Judgment will Toe entered for the respondent.