Phillips,
dissenting: The question here is whether the money received by the petitioners is taxable as a dividend under section 201 of the Revenue Act of 1921 or falls within the provisions of sections 202 (c) (2) and 202 (e). The Supreme Court had much the same question before it in Hellmich v. Hellman, 485 Sup. Ct. 244; 276 U. S. 233, where it reached the conclusion that the payments there in question were not dividends. The payments here in question were received by the petitioners pursuant to the express terms of the reorganization agreement and not‘pursuant to any declaration of a dividend by the corporation. I am of the opinion that if we follow the reasoning of the court in the case cited, we must reach the conclusion that the payments in question are not dividends. Rather, they fall within that part of section 202 (e) which reads:
When property is exchanged ior property specified in paragraphs * * * (2) * * * of subdivision (c) as received in exchange, together with money * * *, the money * * * shall be applied against and reduce the basis, provided in this section, of the property exchanged, and if in excess of that basis, shall be taxable to the extent of the excess.
I can not agree with the conclusion reached in the prevailing opinion.
Murdoch agrees with this dissent.