## PACKARD MOTOR CAR CO. v. UNITED STATES.
### No. J–289.

Court of Claims.
April 7, 1930.

Miller & Chevalier, of Washington, D. C. (Robert N. Miller, J. Robert Sherrod, and George M. Wolcott, all of Washington, D. C., on the brief), for plaintiff.

Charles R. Pollard, of Washington, D. C. (Herman J. Galloway, Asst. Atty. Gen., and R. P. Hertzog, of Washington, D. C., on the brief), for defendant.

Before BOOTH, Chief Justice, and LITTLETON, GREEN, GRAHAM, and WILLIAMS, Judges.

WILLIAMS, J.

The question in this case is the proper method of determining the consolidated net income of the plaintiff and its affiliated corporations for the fiscal year ended August 31, 1918 (40 Stat. 1058–1096), for income

and profits tax purposes under titles 2 and 3 of the Revenue Act of 1918.

Plaintiff asks judgment for $180,424.15 with interest at the rate of one-half of 1 per cent. per month from October 15, 1926, and it is stipulated that if plaintiff is correct in its contention as to the method of determining consolidated net income for excess profits tax purposes it is entitled to judgment for the amount stated.

Plaintiff and certain other corporations were affiliated during the taxable years ending August 31, 1917, and August 31, 1918. During the fiscal year ending in 1917, plaintiff sold automobiles and parts to its subsidiaries at regular wholesale dealers' prices. The corporations which were affiliated during the taxable year 1917 were required to make a consolidated return only for the purpose of the excess profits tax, and made separate returns of income for the normal income tax. The plaintiff and its affiliated corporations made such returns for the fiscal year ended August 31, 1917. In the separate income tax return of plaintiff for the fiscal year 1917 it included as income, subject to the normal income tax, whatever profit had accrued on sales of automobiles and parts to its affiliated corporations, and paid the income tax accordingly. Plaintiff's subsidiaries, to which it sold automobiles and parts, in their separate income tax returns for said fiscal year charged such merchandise purchased from plaintiff into their cost of sales at said wholesale dealers' prices. The total cost to each subsidiary on account of the aforesaid purchases of merchandise from the plaintiff was reduced in computing the cost of sales for said fiscal year 1917 by the cost of so much of said merchandise as remained unsold and in the inventories of the subsidiaries at the end of said fiscal year.

In determining the consolidated net income of plaintiff and its affiliated corporations for the fiscal year 1917 for the purpose of computing the excess profits tax, all profits resulting to the plaintiff on sales of merchandise by it to its affiliated corporations were eliminated, and no excess profits tax was assessed or collected on account of such transactions.

For the fiscal year ending August 31, 1918, the Revenue Act of 1918, § 240 (40 Stat. 1081), required that corporations which were affiliated make one consolidated return of net income for both income and excess profits tax purposes. Plaintiff and its affiliated corporations made such a return.

The Commissioner in determining the consolidated net income for the fiscal year ending August 31, 1918, subject to the excess profits and war profits tax, under section 205 (a)(1) and (2) of the Revenue Act of 1918 (40 Stat. 1061), deducted from the opening inventories of plaintiff's subsidiary corporations the amount of $384,426.45, representing the profit to the plaintiff on so much of the merchandise sold by it to its affiliated corporations in the preceding fiscal year ending August 31, 1917, as remained in the inventory of such subsidiary at the beginning of the fiscal year 1918. In so doing, the Commissioner determined a consolidated net income under section 205(a)(2) for the purpose of the excess and war profits tax imposed by the Revenue Act of 1918 in the amount of $11,630,594.24. In determining the consolidated net income for the purpose of the normal income tax imposed by the Revenue Act of 1918, the Commissioner made no elimination from the inventories of the subsidiary corporations on account of merchandise purchased by them from the plaintiff during the fiscal year 1917, which remained on hand at the beginning of the fiscal year 1918, thus determining a consolidated net income subject to the normal income tax of $11,246,167.79.

The plaintiff contends (1) that the Commissioner's determination of the two taxable net incomes in this case, one for excess and war profits tax purposes, and the other for income tax purposes, violates the express provision of section 320 of the Revenue Act of 1918; (2) that there are no provisions in title 2 of the Revenue Act of 1918 which, specifically, or by implication, authorizes the Commissioner to make the adjustment of $384,426.45 in determining the consolidated net income subject to the income tax imposed by title 2 of the Revenue Act of 1918; (3) that there are no provisions of the Revenue Act of 1918 which authorize the Commissioner to tax, as 1918 net income, profits which were lawfully determined by him to be 1917 net income and were taxed in that year; and (4) that the Sixteenth Amendment to the Constitution would be violated if Congress or the Commissioner attempted again to tax the 1918 net income previously realized and taxed in 1917.

The defendant states the issue to be whether in the determination of the consolidated net taxable income of the affiliated corporations for profits tax purposes under the Revenue Acts of 1917 and 1918 the profits resulting from intercompany transactions between the various affiliated corporations should be eliminated from the accounts, and

contends that, in doing this, adjustment should be made to the accounts of the various companies at the beginning and at the end of the year. The defendant further contends that, if in the determination of consolidated net income the inventories of certain of the affiliated companies at the beginning of the year included merchandise purchased from other affiliated companies within the affiliated group at prices in excess of the cost to the producing or original owner corporation, the correct result of the operations of such a business as one unit would not be properly reflected unless such increase were eliminated therefrom; that such elimination is just as necessary to a correct determination of consolidated net income in the year following the sale as the elimination of profit therefrom in the year in which the intercompany sales occurred.

█ We think that section 320(a) of the Revenue Act of 1918 (40 Stat. 1091), which provides that the net income to be used in the computation of the excess and war profits tax is to be determined "upon the same basis and in the same manner" as that to be used for income tax purposes, can only mean that the same income is to be ascertained for both purposes. In other words, when we proceed to determine the consolidated income upon the same basis and in the same manner, we arrive at the same result. This is the major contention advanced by the plaintiff, and it nowhere appears to be denied by the defendant; in fact, in Treasury Regulations, article 801, regulations 45, it is provided that "the net income of a corporation for the purpose of the imposition of the war-profits and excess-profits tax is the same net income as determined for the purpose of the income tax." It seems significant that the defendant makes no reference to section 320 and does not attempt to controvert the proposition that the same income shall be used for both income and excess profits tax purposes. But the conclusion that the same income shall be used for both purposes does not dispose of the case. This is merely the starting point and raises the real issue in the case, namely, What is the *one* income which is to be used for both purposes? The plaintiff relies largely on the proposition that, since the Commissioner has determined a certain net income for income tax purposes which it accepts as the correct net income, therefore, this is the one correct net income to be used for both purposes. Plaintiff's argument, in so far as the income to be used is concerned, consists largely of quotations from the rulings of the Commissioner on which his de-

termination of the net income for income tax purposes is based. S. M. 1530; L. O. 1108, and S. M. 3384. The explanation of the failure of the defendant to make a direct reply to plaintiff's argument for one income would appear to be that it could not very well repudiate all that has been said in the foregoing rulings about the income to be used. The mere fact, however, that the Commissioner has determined a net income which he has used in the computation of income tax is no proof of its correctness, even though the plaintiff is willing to accept it for that purpose.

██ We are here concerned with the Revenue Act of 1918, which not only requires that one income be determined for both purposes, but also provides how we are to arrive at this net income. It is immaterial whether we say that an inventory item is a deduction coming under section 234 (40 Stat. 1077), which enters into a determination of the cost of goods sold, or whether it is a cost such as is considered in any case in determining the profit on a sale under section 202; in any event, section 240 of the Revenue Act of 1918, which requires consolidated returns, is a limitation on both of these sections and forms the authority for the elimination of intercompany transactions. And the Revenue Act of 1918, section 203, further provides for the use of inventories in determining the net income, which section is also limited by section 240. Inventories may be taken either at cost, or cost or market, whichever is lower. While it is not stated specifically that plaintiff used a cost basis, the whole basis of the argument shows that both parties are seeking to establish a cost for the inventories as at the beginning of the fiscal year ending August 31, 1918, and we may, therefore, proceed upon the theory that the plaintiff's inventories were on a cost basis. We may, therefore, say that the question to be determined is the cost of the goods or materials which the consolidated group had on hand at the beginning of the year, or, to state the question another way, is the cost of goods to the group, which were on hand at the beginning of the year, affected by transactions within the group prior to the beginning of the taxable year here involved? Due to the fact that it is sometimes difficult to see how inventories affect income, the question can be made simple by the use of an example similar to that stated by the plaintiff. Company A (the plaintiff) manufactures an automobile in 1917 at a cost of $3,600. In 1917 it transfers this automobile to Company B (subsidiary) at a price of $4,000. The auto-

mobile had not been sold by January 1, 1918, but was sold during 1918 to a person outside the affiliated group for $4,500. The question is the cost which should be deducted from the sales price in determining the profit on this transaction. Notwithstanding the various rulings of the Commissioner of Internal Revenue referred to above, about the effect of recognizing the first transaction (transfer from Company A to Company B) for income tax purposes, we think the cost to the consolidated group is $3,600 and that the profit to the group upon the sale in 1918 is $900 ($4,500 less $3,600). What the correct answer might have been had the first transaction occurred in 1916 when the corporations occupied the same stock relationship or affiliated status, but when affiliated returns were not recognized or required for any purpose, would be only academic to discuss, and we express no opinion as to the correctness of the method pursued by the Commissioner in not eliminating intercompany transactions in determining the opening inventory for 1917. Here, however, we have a situation where the transaction occurs within a year when affiliated returns were recognized for excess profits tax purposes, but not for income tax purposes, and we see no reason why the same test should not apply as if the transfer from the plaintiff to one of its affiliated corporations had taken place during the year 1918. Nothing went out or came into the affiliated group as a result of the sale by plaintiff to its subsidiary, hence the cost is not affected thereby. The cost of manufacturing the automobiles, presumably for labor and materials, was made prior to the sale by the plaintiff to its subsidiary, and this cost went outside the affiliated group; when sold in 1918 for more than it cost, the income came to the affiliated group. Under the 1918 Act, the consolidated net income is the net income of the entire group of affiliated corporations, and in determining such consolidated net income we must look at the cost to the affiliated group as well as the sales price to the group.

The court is therefore of the opinion that the correct consolidated net income under the statute, both for the income and excess profits tax, is $11,630,594.24. Section 320 of the Revenue Act of 1918 (40 Stat. 1091) does not provide that the net income for profits tax purposes shall be the same net income as is determined for income tax purposes under title 2 of that act, but provides that the net income for the purpose of the profits tax shall be ascertained upon the same basis and in the same manner as provided for income tax purposes. Of course, where there is only

one corporation involved, the net income of such corporation for the purposes of the excess profits tax might be the same as the income determined for income tax purposes under the provisions of title 2 because, in such case, there would be no provisions in title 3 that limit any of the provisions of title 2 of the act.

The argument against the position which we have taken above is double taxation, but there is no statutory and, we think, no constitutional inhibition against this. Double taxation may and often does result. Hellmich v. Hellman, 276 U. S. 233, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379; Tennessee v. Whitworth, 117 U. S. 129, 6 S. Ct. 645, 29 L. Ed. 830; sections 212 and 1208 of the Revenue Act of 1926 (26 USCA §§ 953, 953a), and Blum's, Inc., 7 B. T. A. 737. It is true that a double tax cannot be imposed upon the basis of a presumption, but, in our opinion, it is not necessary to indulge in presumptions to show that in the enactment of the profits tax laws it was the intent of Congress to tax profits of a corporation realized in 1918 for excess profits tax purposes. The committee reports of Congress and many decisions of the courts and of the Board of Tax Appeals support this view. The plaintiff's contention would exempt this income from the imposition of the profits tax. When we consider the mandatory requirement for one income, the provisions of the same act with respect as to how this income shall be determined, and the purpose of the enactment of the profits tax provisions of the act, we are not indulging in any presumption when we determine the one income to be used, as indicated above, even though a portion of this income may be twice taxed for income tax purposes. The strict interpretation of section 320 of the Revenue Act of 1918, standing alone, contended for by the plaintiff, is not justified when a different result, equally justified, follows from a consideration and application of all the provisions of the act in the light of the purpose which the statute sought to accomplish.

It is a well-established principle in the exposition of the statutes, that every part is to be considered, and the intention of the Legislature to be extracted from the whole. United States v. Fisher, 2 Cranch, 358, 2 L. Ed. 304; Kohlsaat v. Murphy, 96 U. S. 153, 24 L. Ed. 844; Hellmich v. Hellman, 276 U. S. 233, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379.

In any event, plaintiff is not entitled to recover, for, in our opinion, section 320 was

not intended to require the use of an income for excess profits and war profits tax purposes that would give exemption from such tax imposed by title 3 of the act, of which section 320 is a part, and section 240 of title 2 was enacted to prevent avoidance of tax by affiliated corporations through intercompany transactions.

Plaintiff is not entitled to recover. The petition must, therefore, be dismissed, and it is so ordered.