EDWARD S. BACHARACH, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 48779, 50509. Promulgated October 31, 1933.

*Ferdinand Tannenbaum, Esq.*, for the petitioner.
*Arthur Clark, Esq.*, for the respondent.

OPINION.

TRAMMELL: During 1926 the petitioner received from the Jefferson Distilling & Denaturing Co. two distributions in the aggregate amount of $35,700, from which amount he deducted the sum of $6,400 as representing the cost of his stock in that company, and reported in his return for the year 1926 the balance of $29,300 as an ordinary dividend, subject only to surtax.

During 1927 the petitioner received two additional distributions from the same company in the total amount of $4,680, which he reported in his return for the year 1927 as an ordinary dividend, subject only to surtax.

The respondent determined that the distributions, less the cost of petitioner's stock, constituted liquidating dividends, subject to tax at both normal and surtax rates. The correctness of the respondent's determination in this particular is the only issue submitted for decision.

The petitioner contends that the transaction by which the Jefferson Co. transferred its assets on April 9, 1926, to the American Solvents & Chemical Corporation, in consideration of the payment by the American Corporation, of 12,166 shares of its preferred stock and cash in the sum of $1,445,520, constituted a reorganization within the purview of the taxing statute, and that the distributions by the Jefferson Co. of the cash so received, to the extent of its accumulated earnings and profits, constituted ordinary dividends.

In the view we take of this case, it is immaterial whether or not the exchange transaction constituted a reorganization. If it were a reorganization, that fact alone would not make the distributions in question ordinary dividends. The petitioner contends that the distributions were ordinary dividends only to the extent of accumulated earnings and profits, and this might be so whether or not the transaction involved a reorganization.

The important question here, upon which the decision of the issue must turn, is whether the distributions were or were not a part of the process of liquidating the Jefferson Co. At the time the distributions of April 12, 1926, November 9, 1926, and August 1, 1927, were made, the Jefferson Co. had accumulated book earnings and profits in excess of the sums distributed, and at the time of the distribution of $125,000 on October 31, 1927, the company had accumulated book earnings and profits of $46,358.50. The petitioner argues that, notwithstanding the fact that the accumulated earnings and profits were invested in the property transferred to the American Corporation, the distributions to the extent of the accumulated earnings and profits did not invade capital, and hence were not liquidating but ordinary dividends.

In *Tootle* v. *Commissioner*, 58 Fed. (2d) 576, 579; affirming 20 B.T.A. 892, the Circuit Court of Appeals for the Eighth Circuit disposed of the same argument there urged by the taxpayer, as follows:

The first heading is that the stipulated facts compel the conclusion that this was an ordinary dividend because the directors had and exercised the discretion (without fraud) to declare this dividend from surplus and profits without impairment of capital, and because the dividend was so declared under compulsion of the Revenue Act of 1926 (Section 220) (26 USCA Par. 961 note) and Regulations 69, articles 353, 1545).

As to the first reason, two matters are destructive. The first is that the dividend was, as a matter of fact, not paid and could not have been paid from surplus and/or earnings. At the time this dividend was declared, the entire property of the corporation had been sold, under authorization of the stockholders, except the cash on hand and a claim for tax refund * * *

It is difficult to see how a part of the total price for all assets (which happen to include property bought with surplus and earnings) can be segregated and called " surplus " or " earnings ". It is purchase price and nothing else. * * *

The facts on this point in the instant case are in all material respects the same as in the *Tootle* case.

The question presented here is governed by section 201 (c) of the Revenue Act of 1926, which provides as follows:

(c) Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. * * *

Whether the distributions here in controversy represented amounts distributed in partial liquidation of the Jefferson Co., and must, therefore, be treated as in part or full payment in exchange for the stock, depends on the legal effect of what was actually done, and not upon the designation of the character of the dividends by the directors or their failure to apply the correct designation. It is also immaterial, we think, that no resolution was adopted by the stockholders authorizing dissolution of the corporation, nor that certificates for shares of stock were not surrendered for cancellation.

Upon the transfer of its assets to the American Corporation, the Jefferson Co. ceased to be a going concern, in the sense that it was no longer engaged in carrying on for profit the business for which it was organized. So far as the stipulated facts show, it thereafter devoted itself to the winding up of its affairs preparatory to final dissolution. It had contracted not to engage again in the alcohol business, and while it had also agreed not to dissolve or go into liquidation until the purchaser of its assets had secured the necessary permits to operate the business, the purchaser was obligated to obtain such permits " with all proper expedition," and thereafter the Jefferson Co. was free to dissolve at any time.

Within three days after the transfer of its assets, the Jefferson Co. made a cash distribution of $590 per share, or in other words, declared a dividend of 590 percent on its outstanding common stock. In the absence of more facts than we have before us, we can not regard such dividend, paid under such circumstances, as an "ordinary dividend ", which, as commonly understood, is defined to be " a recurrent return on stock paid to stockholders by a going corporation in the ordinary course of business." *Hellmich* v. *Hellman*, 276 U.S. 233. This dividend undoubtedly was not a " recurrent return on stock " and was not paid by " a going corporation " nor " in the ordinary course of business."

In *Gossett* v. *Commissioner*, 59 Fed. (2d) 365; affirming 22 B.T.A. 1279, the court, in commenting upon a similar situation, said:

The company appears to have paid an 8 per cent. dividend, or $105,728. The amount of the federal taxes does not appear. This was the " regular " dividend. Shortly after the extraordinarily large 50 per cent. dividend was paid out of the money received for the sale of the corporation. Certainly at the time of the payment of the dividend in question the corporation was not a going concern, in the legal sense, as its dissolution was already under way. It makes no difference what the directors called it when the dividend was declared, nor does the fact that subsequent dividends were termed " liquidating " dividends when this particular dividend was not so termed alter its character. The question of whether it was a " partial liquidating dividend " is to be determined, not from what it was called but by the facts as shown by the record. The record shows that it was a very unusual dividend, and entirely outside of the due course of the business of the corporation.

The decision of the Commissioner and the Board that it was a "partial liquidating" dividend was clearly right, and petitioners were properly chargeable in their income tax with the amount of the dividend "as if they had sold their stock to third persons."

From the facts before us we can reach no other conclusion than that the distributions in controversy were steps taken by the Jefferson Co. in the process of liquidation, and constituted liquidating dividends within section 201 (c) of the 1926 Act, *supra*.

Reviewed by the Board.

*Judgment will be entered for the respondent.*