[1] The changes made in the Revenue Acts have led to some confusion in applying the statutes. The 1918 act (40 Stat. 1059, § 201 (c) contained a provision that "amounts distributed in the liquidation of a corporation shall be treated as payments in exchange for stock or shares." For some reason this provision was omitted in the 1921 act under which the Canfield Case was decided; but it was re-

## FOSTER et al. v. UNITED STATES.
### No. 42642.

Court of Claims.
April 5, 1937.

For former opinion, see 17 F.Supp. 191.

Hugh C. Bickford, of Washington, D. C. (C. Clifton Owens, of Washington, D. C., on the brief), for plaintiffs.

George H. Foster, of Washington, D. C., and Robert H. Jackson, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and GREEN, LITTLETON, WILLIAMS, and WHALEY, Judges.

GREEN, Judge.

In the argument in support of the motion for new trial it is strenuously insisted that the decision of the court is contrary to the rule laid down in a decision by the Supreme Court, one made by the Circuit Court of Appeals for the Second Circuit, and also another by the Board of Tax Appeals. As no reference was made to these cases in the original opinion, it is thought best to show why the court did not mention them.

Special reliance is placed upon the case of Helvering v. Canfield, 291 U.S. 163, 54 S.Ct. 368, 370, 78 L.Ed. 706, and it will be admitted that the opinion in the case at bar is not in accord with some statements found in the opinion of the Supreme Court in that case, but the reason is plain. We have before us a different act imposing a different rule. The decision in the case just cited was made under the provisions of section 201 (b) of the Revenue Act of 1921 (42 Stat. 228)[1]; the holding in the case at bar is based upon the special provision contained in the act of 1924 (section 201 (c), 43 Stat. 254, which was inserted for the purpose of making an exception to the provisions of the law that

stored in the 1924 act with some amplification as shown in the quotation from that statute. It is still in force under a different section number. In the 1924 act the part material to the case under consideration was designated as section 201 (a), (b), and (c), 43 Stat. 254. In the Revenue Act 1928 it is marked section 115 (a), (b), and (c), 26 U.S.C.A. § 115 and note.

controlled the Canfield Case, supra. In fact it could have been inserted for no other purpose and is otherwise meaningless. Counsel quote from the opinion of the Supreme Court in the last-named case the following:

"Nor is it important that the accumulated profits as they stood on March 1, 1913, constituted capital of the company as distinguished from the gains or income which the company subsequently realized."

Clearly it was not as the statute then stood, but it is now in such cases as the one we have before us. Section 201 (c) of the 1924 act provided that:

"(c) Amounts distributed in complete liquidation of a corporation shall be treated as in full payment in exchange for the stock, and amounts distributed in partial liquidation of a corporation shall be treated as in part or full payment in exchange for the stock. * * * In the case of amounts distributed in partial liquidation * * * the part of such distribution which is properly chargeable to capital account shall not be considered a distribution of earnings or profits within the meaning of subdivision (b) of this section for the purpose of determining the taxability of subsequent distributions by the corporation."

In the case at bar it is conceded that there was a distribution in partial liquidation, which the statute says "shall be treated as in part or full payment in exchange for the stock," and, further, that if it is "properly chargeable to capital account" it shall not be considered as "within the meaning of subdivision (b)" upon which the plaintiffs rely.

In support of their argument that the distribution of 1929 was not "properly chargeable to capital account," counsel for plaintiffs quote further from the opinion of the Supreme Court:

"When a corporation continued in business after March 1, 1913, the dividends it later declared and paid to its stockholders whether out of current earnings or from profits accumulated prior to that date, constituted income to the stockholders, and not capital, and were taxable as income if the Congress saw fit to impose the tax."

But in the Canfield Case from which this quotation was taken, the Supreme Court was applying the 1921 act to "divi-

dends." In the instant case we must apply the 1924 statute to an "amount distributed in partial liquidation" which, like amounts distributed in complete liquidation, to the extent of the distribution must be "treated as in full payment in exchange for the stock." Payments for stock are chargeable to capital account.

The case of John B. Stewart v. Commissioner, 29 B.T.A. 809, also, in our opinion, has no application. It is necessarily taken out of the special provision above quoted by the fact that the Board held that the distribution then under discussion was not "a distribution in partial liquidation," but a dividend and controlled by subdivision (b) of section 115 of the act of 1928. The plaintiffs also cite the case of Horrmann v. Commissioner, 34 B.T.A. 1178, wherein it is said that "the 'capital account' referred to by the statute is not increased by the issuance of a nontaxable stock dividend, but comprises only the paid-in capital." We are not disposed to agree with the construction which counsel place upon this statement, but it is immaterial because the instant case does not involve any stock dividend and the Supreme Court has held that stock dividends are not a distribution. The case last cited is quite complicated in its facts and to review it fully would unduly extend this opinion. We agree with the holding made in the opinion that "normally the redemption of stock is a return of capital," and also that "as an accounting matter the whole would be chargeable against capital," but are not disposed to agree as to all that is said in the opinion with reference to the meaning of the statute under discussion. The case of Harter v. Helvering (C.C.A.) 79 F.(2d) 12, did not involve a "distribution in partial liquidation" and consequently what is said therein has no application here.

The case of Hellmich v. Hellman,[2] 276 U.S. 233, 48 S.Ct. 244, 245, 72 L.Ed. 544, 56 A.L.R. 379, is not cited by either party. Possibly this failure is due to the fact that the ultimate question in the case is not the one which is now before this court, but in the course of its opinion the court in effect ruled on the matter now in controversy. In this case it was held that:

"* * * the general definition of a dividend in section 201 (a) was not intended to apply to distributions made to

[2] This case was decided under the 1918 act. See note 1 for the provision therein with reference to amounts distributed in liquidation.

stockholders in the liquidation of a corporation, but that it was intended that such distributions should be governed by section 201 (c), which, dealing specifically with such liquidation provided that the amounts distributed should 'be treated as payments in exchange for stock.' "

In Klein on Income Taxation, par. 10: 18 (a), it is said that:

"Under this rule [as stated in Hellmich v. Hellman, supra] it does not matter that part of the liquidating dividend came from accumulated earnings. The transaction is treated in its entirety as a capital transaction."

Being a capital transaction, the payments made would be chargeable to capital account and under the statute could not be considered in "determining the taxability of subsequent distributions."

The Board of Tax Appeals on March 15, 1937, entered a memorandum opinion in the case of Craig, Executor, v. Commissioner, which involved the same facts and pertained to the same estate as the case at bar. The decision rendered was in accordance with the contentions of the plaintiffs made in the case now before this court and was contrary to the views which we have expressed above. As the reasoning upon which this opinion was based is not expressed, we can only say that we do not concur.

Our conclusion is that the motion for new trial must be overruled, and it is so ordered.