## LEVY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12.

Circuit Court of Appeals, Second Circuit.

Nov. 30, 1942.

Andrew B. Trudgian, of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Helen R. Carloss, and Alvin J. Rockwell, Sp. Assts. to Atty. Gen., for respondent.

Before L. HAND, CHASE and FRANK, Circuit Judges.

CHASE, Circuit Judge.

The sole issue is whether the owner of a debt, which was admittedly a capital asset at the time of sale, who sold it in 1937 for $13,283.84 less than its face value and at the end of that year, which was several months after the sale, charged off on his books the above portion of the debt as partially worthless may deduct that entire amount under § 23(k) of the Revenue Act of 1936, 26 U.S.C.A. Int.Rev.Acts, p. 828, or is limited to a deduction of $2000 for a capital loss under § 117 of the same Act. The Commissioner determined a deficiency in the income taxes of the petitioner by limiting the deduction as above and the Tax Court upheld the Commissioner.

The petitioner in 1936 organized a Canadian corporation called the Maurice Levy Co., Ltd., to engage in Canada in the business of importing and manufacturing perfumery and toilet articles which was similar to the business he was doing as an individual in New York City. He owned the stock in the Canadian corporation and from time to time up to 1937 made advances to it and sold it merchandise on credit until as of April 22, 1937, it owed him a balance on account of the face value of $27,-837.84. On December 31, 1936, the corporation had a deficit of $19,871.26 despite a change of business methods in September of that year and by March 1937 the petitioner had become aware that the new arrangement it had made was unprofitable. In the following month the petitioner sold his stock in the corporation and on June 19, 1937 sold the debt owed him by the corporation for $14,554. The charge-off above mentioned was used to support a deduction in his income tax return for 1937 as for a debt ascertained to be partially worthless and charged off within the taxable year.

That the debt became partially worthless in 1937 is not disputed. It is also clear that the taxpayer literally complied with the language of the statute in that he actually made the charge-off within the taxable period for which he claimed the deduction. The Tax Court held, however, that the fact of a previous sale of the debt had deprived him of the right to lay the basis for a deduction by charging off as the worthless part of a debt what in reality was the amount of a loss previously realized by a sale of the property. We agree.

The seeming difficulty in determining the taxpayer's rights to have his undoubted loss reflected in his tax return arises only because the debt due him may also be regarded as a capital asset under the definition of the latter in § 117(b) of the 1936 Act. See also, Art. 117-1 of T.R. 94. That makes it possible to argue that what income the statute, providing for general deductions on account of the charge-off of worthless debts, permits a taxpayer to free from taxation is still so freed, if due formalities are observed, even though the taxpayer has previously elected to relinquish his status as the obligee of a receivable for that of the seller of property at a loss. A glance at the set-up of § 23(k) serves to dispel this idea. That section obviously provides a measure of relief for a taxpayer who has suffered a real loss but who has not been able to realize it for tax purposes in the way losses are usually required to be realized before they are recognized i.e. by so dealing with his property that future events will not enable him to recoup in whole or in part. In the statute the usual certainty in that respect is replaced by giving the Commissioner the power to allow a deduction not in excess of the amount charged off when he is satisfied that the debt is recoverable only in part. That can mean only that the amount of the deduction is to be determined by taking into consideration as one factor the amount the taxpayer may reasonably be expected to receive in the future while he continues to be the obligee. The charge-off permitted in § 23(k) is, of course, to let the taxpayer have his gross income for the period reduced by a deduction which he could not otherwise take while the fluctuations in the value of a receivable would change the amount of his actual loss and might wipe it out entirely. When the taxpayer has sold the debt this possible fluctuation is no longer a feature to be considered. His loss, if any, has become fixed and final. His potential

loss which, but for the sale, could only be charged off as the special statute permitted has been merged in the actual loss realized on the sale. It is computable exactly and specific provisions of the statute apply to it. When the actual loss was so realized by the petitioner it became a loss on the sale of a capital asset and the specific statute applying to such sales became applicable. See, State of Missouri v. Ross, 299 U.S. 72, 57 S.Ct. 60, 81 L.Ed. 46; Hellmich v. Hellman, 276 U.S. 233, 48 S.Ct. 244, 72 L.Ed. 544, 56 A.L.R. 379.

Affirmed.