## JOHN M. BRANT CO. v. UNITED STATES.
### No. H–308.

Court of Claims.
April 7, 1930.

der the installment sales basis of determining net income; that section 1208 of the Revenue Act of 1926, 26 USCA § 953a, was without significance except to make section 212 (d) retroactive in its application, and whether Congress authorized the inclusion in taxable net income, on the installment sales basis for 1918 and 1919 profits realized from installment sales in 1917 and prior years, depends entirely upon the provisions of section 212 (d).

We think it is clear from a consideration of these two sections and the legislative history of the Revenue Act of 1926, that the statute expressly requires the inclusion in taxable net income in the years in which the installment sales method of accounting is employed of amounts received in those years from installment sales made in prior years, notwithstanding the profits upon such sales were reported as income by the taxpayer in such prior years in which it employed the straight accrual method of accounting. Blum's, Inc., 7 B. T. A. 737, and Mayer & Co., 9 B. T. A. 815.

It is further contended that, if the statute requires the inclusion in income of payments received in years subsequent to the change to the installment sales method of accounting, it imposes a direct tax upon capital without apportionment among the several states in proportion to their population in violation of section 9, art. 1, of the Constitution. There is no merit in this contention. The amounts taxed represent profits on installment sales effected in years prior to 1918, and the tax therefore is necessarily one upon income and not upon capital. Such amounts do not lose their character as income merely because, under a new method of accounting which the taxpayer elected to adopt, it is required to treat them as income in a year other than the one in which they were originally reported under its method of accounting. Profits earned subsequent to the Sixteenth Amendment to the Constitution do not become capital of a nature such as may not be subjected to income tax, although such imposition may result in taxation of such income a second time. The amounts which the defendant included in plaintiff's taxable income for the years involved constituted income under the Sixteenth Amendment, and, such being the case, it is within the power of Congress to prescribe the time, the manner, and the method of accounting for such income for tax purposes. No attempt is made by the statute to define new objects of income. It simply provides that those taxpayers who choose to report their income in accordance

Ben Jenkins, of Washington, D. C. (Earle W. Wallick and David J. Shorb, both of Washington, D. C., on the brief), for plaintiff.

George H. Foster, of Washington, D. C., and Herman J. Galloway, Asst. Atty. Gen. (Ottamar Hamele, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and WILLIAMS, GREEN, GRAHAM, and LITTLETON, Judges.

LITTLETON, Judge.

Plaintiff contends that by section 212 (d) of the Revenue Act of 1926, 26 USCA § 953(d), Congress did not intend that payments received in years subsequent to a change from the accrual method of accounting to the installment sales method of accounting should be included in taxable net income un-

with its provisions must report the income as it is reduced to possession in cash, notwithstanding the fact that some part of it had previously been returned and taxed under the accrual method of accounting employed in earlier years, and it is no defense to say that double taxation results. Tennessee v. Whitworth, 117 U. S. 129, 137, 6 S. Ct. 645, 29 L. Ed. 830; Hellmich v. Hellman, 276 U. S. 233, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379.

Plaintiff contended in argument that the total tax exacted by the defendant in the taxable years was in excess of the profit from such sales, and asserted that, to the extent of such excess, it was a tax upon capital. There are no facts to support this contention, and counsel finally admitted that, in this case, this did not occur. We need not, therefore, consider whether in any case of a change from the accrual to the installment sales method of accounting a tax in excess of the profit upon the sale might be exacted.

On the second question, we are of opinion that unrealized profits on installment sales made in 1917 and prior years should be excluded from the computation of invested capital for 1918 and 1919. This question was considered by the United States Board of Tax Appeals in Blum's, Inc., supra, wherein it was said:

"The Commissioner eliminated from invested capital of 1918, 1919, and 1920, the profits included in the outstanding 1917 installment accounts receivable, at the beginning of each of those years, as unrealized and not properly includable in earned surplus. The petitioner opposes this action of the Commissioner on the ground that the entire profits on installment sales of 1917 were returned and taxed as income of that year. We think that the action of the Commissioner * * * is correct. For the years in question, the installment sales method has been used in computing income. By the use of that method all of the profits actually reduced to possession in those years, are to be returned as income of those years. The fact that some of these profits have been returned in prior years is to be ignored, and they are, for the purposes of the tax, to be treated as a part of the earnings of the years in which they are reduced to possession. Obviously, the petitioner may not include in invested capital of any taxable year, as earned surplus, the earnings of that year and subsequent years."

This is in accordance with the practice of the Department in its computation of invest-

ed capital when the installment sales method of accounting is employed. In S. M. 632, of November 23, 1918, it was held that the unrealized profit contained in installments unpaid at the beginning of the taxable year must be excluded from surplus and undivided profits in computing invested capital for excess-profits tax purposes.

For similar reasons we are of opinion that unrealized profits on installments sales made in 1918 should be excluded from the computation of invested capital for 1919. J. B. Bradford Piano Co., 15 B. T. A. 1045. In this case the Board of Tax Appeals said:

"The petitioner, however, has chosen to take advantage of the postponement of the payment of income taxes until the installment payments upon its sales have been actually collected. It thus procures the advantage of postponing taxes until cash collections have been made and, having secured such advantages, it should not complain if the accounting system results in some counter disadvantages. * * *

"In Blum's, Inc., * * * the Board has established the rule that unrealized and untaxed gains represented by accounts receivable may not be included in surplus by a taxpayer reporting on the installment sales basis. A like course of reasoning brings us to the conclusion that adjustments of surplus for invested capital purposes may be properly made in accordance with the accounting methods made necessary by the taxpayer reporting upon an installment sales basis. * * * *"

Plaintiff is not entitled to recover. The petition must therefore be dismissed, and it is so ordered.