**HOOVER–BOND CO. v. NAUTS, Collector of Internal Revenue.**

No. 3402.

District Court, N. D. Ohio, W. D.

June 5, 1930.

Denman, Miller, Nauts & Christian, of Toledo, Ohio, for plaintiff.

Lehr Fess, Asst. U. S. Atty., of Toledo, Ohio, for defendant.

HAHN, District Judge.

The plaintiff brings its action against Charles H. Nauts, collector of internal revenue, to recover the sum of $13,108.87, with interest from May 21, 1925. The plaintiff is engaged in the retail furniture business, approximately 80 per cent. of its sales being on the installment plan. For the year 1917 its corporation tax return was filed showing a net return of $31,750.96, and tax was paid thereon in the sum of $2,014.13. Plaintiff contends that this return was filed on the so-called installment basis. The Commissioner of Internal Revenue refused to allow this basis of computing income, and imposed an additional assessment of $13,108.87, which was paid on May 21, 1925.

Plaintiff contends:

1. That it is entitled to compute its 1917 income on the installment basis.

2. If entitled to compute its 1917 income on the installment basis, it may exclude from such income amounts collected in 1917 on sales made in prior years, on which amounts plaintiff further contends it had already been taxed during the years in which the sales were made.

While there is considerable doubt whether the plaintiff is entitled under the facts to compute its income on the installment basis under the provisions of the 1928 Revenue Act (26 USCA § 2001 et seq.), it is unnecessary for the court to determine that question.

The claim of the plaintiff here is based upon the contention that it did in fact file its original return for the year 1917 upon the installment basis. Its contention is that, having filed its original return for 1917 upon the installment basis, it is not liable to a tax upon profits derived from sales made in years prior to 1917. However, since this case has been tried and submitted, the latter contention has been decided against the plaintiff, in the case of John M. Brant Co. v. Unit-

ed States, decided by the Court of Claims April 7, 1930, 40 F. (2d) 126. We have carefully considered the latter case and agree with its reasoning.

One further thought occurs to us, and that is that it was optional with the plaintiff to adopt one of several methods of making its return, and, if it adopted the method which it claims it did, it did so cum onere. The reasoning of Judge Hand, in Bowers v. Taft (C. C. A.) 20 F. (2d) 561, at page 564, is applicable here. It was decided in that case that if a donee accepts a gift, he may not complain of the income tax burden which the taking of the gift imposes.

Special findings of fact may be settled under rule 34 of this court. An order may be drawn dismissing the petition of the plaintiff, and exceptions are allowed to the plaintiff.