## STANDARD COMPUTING SCALE CO. v. UNITED STATES.

No. J-661.

Court of Claims.
Oct. 20, 1931.

1020

John F. Hughes, of New York City (Harry S. Hall, of New York City, on the brief), for plaintiff.

Charles R. Pollard and Frank J. Ready, Jr., both of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen., for the United States.

Before BOOTH, Chief Justice, and LITTLETON, WHALEY, WILLIAMS, and GREEN, Judges.

LITTLETON, Judge.

There is no dispute as to the facts in this case. They show that the net income of the plaintiff for 1920, computed on the installment sales method of accounting by including in taxable income the profits realized in that year on installment sales made in prior years and in invested capital all unrealized gross profits at the beginning of the taxable year on installment sales made in prior years, results in a total tax liability of $33,167.28 and an overpayment of $60,530.60. They further show that the net income of the plaintiff, computed on the installment sales method of accounting by including in taxable income the profits realized on installment sales made in prior years, and excluding from invested capital all unrealized gross profits at the beginning of the taxable year on installment sales made in prior years, results in a total tax liability of $52,231.23 and an overpayment of $41,466.65.

The plaintiff contends that under sections 212 (d) of the Revenue Act of 1926, 44 Stat. 9, 23, and 1208 of that act, 44 Stat. 9, 130 (26 USCA §§ 953(d), 953a), and article 42 of Regulations 69, it is entitled to have its tax liability for 1920 computed by the use of the installment sales method of accounting, and contends for the overpayment of $60,530.60 above mentioned.

The defendant concedes that on the straight accrual basis of accounting plaintiff is entitled to include in invested capital as determined by the Commissioner an additional amount of $3,548.23, representing the depreciated cost of patents used in the business, and that, on that basis, it is entitled to a refund of $178.08 plus interest from December 16, 1921. The defendant further concedes that, if plaintiff is entitled to have its net income and tax liability for 1920 determined on the installment sales basis, it is entitled to a refund of $41,466.65. Counsel for the defendant contend, however, that, inasmuch as plaintiff filed a return for 1920 on the accrual basis, the provisions of section 705 of the Revenue Act of 1928, 45 Stat. 791, 881 (26 USCA § 2705), deny it the right to have its income and tax for 1920 computed on the installment sales basis.

The plain provisions of section 705 of the Revenue Act of 1928 and a consideration of its history and purpose, as disclosed by previous regulations, decisions, and committee reports,[1] show that it did not affect any of the rights given to taxpayers by sections 212 (d) and 1208 of the Revenue Act of 1926, 26 USCA §§ 953 (d), 953a, and that the purpose and intent, as clearly expressed in the language used, was that section 705 should operate as a statute of repose with respect to all cases where a taxpayer had by an original return changed from the accrual basis of reporting income to the installment sales basis prior to 1925,

[1] Reg. 45, art. 42, April 17 and December 29, 1919; Reg. 45, art. 42 (1920 Ed.); B. B. Todd, Inc., 1 B. T. A. 762; sections 212 (d) and 1208, Revenue Act of 1926; Blum's, Inc., 7 B. T. A. 737; Senate Finance Committee Report No. 52, p. 19, 69th Cong., 1st Session, and Conference Report, House Report 356, pp. 32-33, 59, 69th Cong., 1st Session; Report of Joint Committee on Internal Revenue Taxation (House Document 139, p. 12, 70th Cong., 1st Session); Ways and Means Committee Report No. 2, p. 14, 70th Cong.; House Conference Report, 1882, p. 24, 70th Cong., 1st Session.

which was the date of the decision of the United States Board of Tax Appeals in B. B. Todd, Inc., 1 B. T. A. 762. Prior to 1925 the Regulations 45, 1920 edition, and rulings of the Commissioner of Internal Revenue had applied what is commonly known as the single tax rule, namely, that, where a taxpayer changed to the installment sales basis he need not in the year of the change or any subsequent year report as income amounts collected in such years on account of installment sales made in prior years and included in the returns for such prior years as income on the accrual basis. ' After the enactment of the Revenue Act of 1926 and before the enactment of the Revenue Act of 1928, the United States Board of Tax Appeals had decided the case of Blum's, Inc., 7 B. T. A. 737, in which it was held, as contended by the Commissioner of Internal Revenue, that, where a taxpayer changed from the accrual basis to the installment sales basis, he must report as income in the year of the change and subsequent years collections made in such years on account of installment sales made in prior years. This decision applied what is commonly known as the double tax rule. Section 705, supra, as hereinafter pointed out, went no further than to prevent the reopening of cases prior to 1925 in which the taxpayer changed by an original return.

The Commissioner of Internal Revenue rejected plaintiff's claim for refund in this case, not because it was not entitled to report its income on the installment basis under sections 212 (d) and 1208 of the Revenue Act of 1926, supra, and article 42 of Regulations 69, nor because section 705 of the Revenue Act of 1928 prohibited the change, but because a report of an internal revenue agent showed that the information submitted with the claim for refund failed to comply with the requirements of the Revenue Act of 1926 as to installment sales. The position which counsel for the defendant take in the brief filed in this case is that, if a taxpayer in any year prior to 1925 filed an original return on the accrual basis, he may not thereafter for any such prior year change to the installment sales basis. In the argument of the case, counsel for defendant conceded that, notwithstanding the plaintiff had filed its original return for 1920 on the accrual basis, it would be entitled to change to the installment sales basis, and have its income and tax liability for that year determined, adjusted, and computed on the installment sales basis if it had submitted with its claim for refund "an amended return"; and argued that, since the plaintiff did not file an amended return, it was not entitled to have its income and tax liability determined and computed on the installment sales basis on a claim for refund and the information, facts, and computation submitted in connection therewith.

We are of opinion that plaintiff is entitled to have its income and tax for 1920 determined and computed on the installment sales method of accounting, and that the contentions made by the defendant in this case are without merit.

The ground of plaintiff's claim for refund and the basis of this suit is that it should be permitted to return its income for 1920 on the installment basis. The plaintiff has meticulously complied with the provisions of section 212 (d) of the Revenue Act of 1926, which were retroactive to December 31, 1915, with the provisions of Regulations 69 with reference to keeping its books of account, and with the provisions of law with reference to filing of claims for refund. The filing of an amended return is not compulsory but merely permissive. The statute nowhere requires that an amended return be filed. Article 42 of Regulations 69 permits an amended return, but does not require such return as a condition precedent to the right to have the tax computed on the installment basis. The method in which the books are kept and the facts and information contained therein with reference to sales on the installment plan control the right of the taxpayer who is regularly engaged in making sales of personal property on the installment plan to have its tax liability determined by the use of the installment sales method of accounting. The established practice has always been to make adjustment on claims for refund of the net income and the tax returned and paid from the cash to the accrual basis, from a calendar year to a fiscal year basis, and vice versa, without requiring amended returns, and we find no necessity for applying a different rule in cases of this kind where the taxpayer's books of account contain adequate information and were kept so that income could be accurately computed on the installment basis. When an original return has been filed on the accrual basis, and a taxpayer desires to avail itself of the right granted by sections 212 (d) and 1208 of the Revenue Act of 1926 to have its income determined and its tax computed on

the installment sales basis, and claims that there has been an overpayment for such year, a claim for refund supported by sufficient facts is a valid exercise of the right granted by the statute. See John M. Brant Co. v. United States, 40 F.(2d) 126, 69 Ct. Cl. 516. This conclusion is consistent with the interpretation by the Treasury Department of article 42 of Regulations 69, in G. C. M. 1123, C. B. VI–1, page 37, being an opinion rendered by the general counsel of the Bureau of Internal Revenue in 1927, and is also consistent with the decisions of the United States Board of Tax Appeals in L. S. Weeks Co., 6 B. T. A. 300; Blum's, Inc., supra; Warren Reilly, 7 B. T. A. 1327; Grand Rapids Show Case Co., 12 B. T. A. 1024; and H. A. Dunham, 13 B. T. A. 582. In the last-mentioned case, which was decided September 27, 1928, the taxpayer for the years 1919 to 1921, inclusive, filed its returns on the accrual basis, and the Commissioner determined deficiencies. The taxpayer sought to amend its returns and adjust its income on the installment sales basis. The Commissioner refused to permit it to make the change. The Board held that, since its books of account contained adequate information for that purpose, it was entitled to have its tax determined on the installment sales basis. The Board further held that, inasmuch as the taxpayer was electing to change to the installment sales basis after it had filed returns on the accrual basis, it was required to include in income in the year of the change and subsequent years amounts collected in such years on account of installment sales made in prior years, and was not entitled to the benefits of section 705 of the Revenue Act of 1928.

The Board held likewise in Marshall Brothers Lumber Co., 13 B. T. A. 1111, decided October 17, 1928, where the taxpayer filed returns on the accrual basis for the years 1917 to 1921, inclusive, and elected in May, 1923, to change to the installment sales basis for those years. See, also, J. B. Bradford Piano Co., 15 B. T. A. 1045; J. C. Nichols Land Co., 20 B. T. A. 398; Laurence H. Lucker, 21 B. T. A. 93.

In March, 1925, the United States Board of Tax Appeals held in B. B. Todd, Inc., supra, that there was no authority in law for the installment sales method of reporting income and that the previous regulations of the Commissioner were invalid. The Revenue Act of 1926 retroactively permitted taxpayers to change to the installment sales basis, and that act was construed to require the application of the double tax rule. Blum's, Inc., supra. The only purpose of section 705 of the Revenue Act of 1928 (26 USCA § 2705) was to prevent the reopening of cases for years prior to 1925 for the purpose of assessing additional tax or of making refunds when the taxpayer for any of such prior years had changed from the accrual basis to the installment sales basis of reporting income by an original return. This purpose is evidenced by the fact that for years subsequent to 1925 section 705 of the 1928 act has no application, and any taxpayer who elects to change from the accrual to the installment sales basis for 1926 or subsequent years must include in income collections made in the year of the change and subsequent years on account of installment sales made in prior years. C. Niss & Sons, Inc., 22 B. T. A. 732.

The claim of plaintiff that it is entitled, in computing its tax on the installment sales basis, to include in invested capital $378,467.43, the amount appearing in installment accounts receivable at the beginning of the taxable year 1920, on sales made in prior years, is controlled by the decision of this court in John M. Brant Co. v. United States, supra, certiorari denied, 282 U. S. 888, 51 S. Ct. 100, 75 L. Ed. 783, in which it was held that under the installment sales method of accounting unrealized profits on installment sales made prior to the taxable year should be excluded from the computation of invested capital for the taxable year.

The plaintiff overpaid its tax for 1920 computed by the use of the installment sales method of accounting in the amount of $41,466.65, for which judgment in its favor with interest as provided by law will be entered. It is so ordered.