## HOOVER–BOND CO. v. DENMAN, Adm'r.
### No. 5881.

Circuit Court of Appeals, Sixth Circuit.
June 27, 1932.

T. W. Christian, of Toledo, Ohio, and W. S. Jackson, of Lima, Ohio, for appellant.

F. J. Ready, Jr., of Washington, D. C. (Wilfred J. Mahon, of Cleveland, Ohio, Lee N. Murlin, of Toledo, Ohio, and C. M. Charest, of Washington, D. C., on the brief), for appellee.

Before MOORMAN, HICKS, and SIMONS, Circuit Judges.

HICKS, Circuit Judge.

Appellant, herein called plaintiff, brought suit against the administrator of the estate of Nauts, a deceased revenue collector, to recover the sum of $13,108.87 with interest which it alleged was wrongfully exacted from it as income and profits taxes for the year 1917.

Plaintiff has been engaged since 1913 in the sale of furniture at retail. The principal portion of its sales was on the installment plan. The amount sued for represents an additional assessment for the year 1917 made on May 25, 1925, and paid by plaintiff upon the same date. No statute of limitations is involved. This additional tax arose out of the Commissioner's computation of plaintiff's income for 1917 upon the accrual basis. Plaintiff concedes that, if this method is correct, it is not entitled to recover, but it insists that its income for that year should be computed (1) upon the installment basis and (2) by the single tax rule,[1] and that when so computed it will appear that plaintiff has overpaid its taxes in the amount sued for.

For 1916 and prior years plaintiff had made its income tax returns upon the accrual basis. On April 1, 1918, it filed an original return for 1917. This return reflected a change in plaintiff's method of reporting. It excluded the amounts collected in that year upon sales made in previous years and upon which it claimed that it had been taxed in those years. This was done upon the theory that, if it should again report such sales, double taxation would result. It was thought that Treasury Regulation 33, article 120, promulgated January 2, 1918, justified such method of making returns. An examination of this regulation indicates to us that, while it provides for installment returns, it makes no specific provision for the application of either the single tax rule or the double tax rule. This regulation, however, was on April 17, 1919, supplanted by Regulation 45, art. 42, which expressly authorized and required the double tax rule, but an amendment of this regulation (Treas. Dec. 3082) promulgated October 20, 1920, authorized the application of the single tax rule.

But all of these regulations were declared invalid by the Board of Tax Appeals in Appeal of B. B. Todd, Inc., 1 B. T. A. 762, for lack of any statutory basis. The decision in the Todd Case naturally created uncertainty and confusion not only in the Bureau of Internal Revenue but among taxpayers who had changed their method of making returns from the accrual basis to the installment basis.

■ Under these circumstances section 212 (d) was incorporated in the Revenue Act of 1926 (chapter 27, 44 Stat. 23, 26 USCA § 953 (d), and by section 1208 of the same act (44 Stat. 130, 26 USCA § 953a), section 212 (d) was made to apply retroactively to the computation of income for the years 1916 to 1924 inclusive. Section 212 (d) was the first legislative authority granted to installment dealers for reporting income upon the installment basis. The legislative history of this section and the interpretation of it by the Treasury Department, as well as judicial construction of it, all indicate that its purpose was to require all installment payments made in the taxable year to be returned regardless of whether they were reflected in returns made in previous years upon the accrual basis. Willcuts v. Gradwohl (C. C. A. 8) 58 F.(2d) 587, decided April 15, 1932; Tull & Gibbs, Inc., v. U. S., 48 F.(2d) 148 (C. C. A. 9); John M. Brant v. U. S., 40 F.(2d) 126 (Court of Claims); Appeal of Blum's, Inc., 7 B. T. A. 737; J. B. Bradford Piano Co. v. Commissioner, 15 B. T. A. 1045, 1047; Treas. Dec. 3921, promulgated August 27, 1926; the Report of the Conference Committee (House Report No. 356, First Session 69th Congress), pages 32 to 59. Concretely, section 212 (d) retroactively applied, required plaintiff, if it should elect to make its 1917 returns upon the installment basis, to observe the double tax rule rather than the single tax rule.

■ This legislative policy was recognized and continued in the Revenue Act of 1928 and we find no merit in the contention that it contravenes article 1, § 9, cl. 4 of the Constitution. Tennessee v. Whitworth, 117 U. S. 129, 137, 6 S. Ct. 645, 29 L. Ed. 830; Hellmich v. Hellman, 276 U. S. 233, 48 S. Ct. 244, 72 L. Ed. 544, 56 A. L. R. 379; Tull & Gibbs v. U. S., supra.

■ The effect, of course, of section 212 (d) retroactively applied, was to upset returns made under the single tax rule for the years 1916 to 1924 inclusive. This situation was brought to the attention of Congress when the Revenue Act of 1928 was being considered, and we think it manifest from the report of Senate proceedings (69th Congress. Record, part 8, pp. 8697, 8699) that section 705 of the Revenue Act of 1928 (45 Stat. 881, 26 U. S. C. § 2705 [26 USCA § 2705]) was intended to grant a measure of protection to those taxpayers who fell within subsection (a), clause 2 of section 705 of the act, 26 USCA § 2705 (a) (2), but we think that it is just as clear that the legislative intent was not to refund taxes already paid by a tax-

---

[1] The single tax rule of computing net income on the instalment basis is to exclude collections made in the taxable year on sales made in prior years and which had been already taxed in such prior years. The double tax rule is to include collections made in the taxable years on sales made in prior years and which had already been taxed in prior years.

payer who by an original return prior to February 26, 1926, had changed his method of reporting for 1924 or any prior years to the installment basis unless he had overpaid his taxes when computed by the double tax rule.

If plaintiff was entitled to file its 1917 return on the installment basis rather than the accrual basis [which both the District Judge and the Board of Tax Appeals doubt —see Hoover-Bond Co. v. Nauts, 42 F.(2d) 299 (D. C.) and Appeal of the Hoover-Bond Co., 1 B. T. A. 929, 931], then its case falls within section 705 (a) (1) of the Revenue Act of 1928, 26 USCA § 2705 (a) (1), and under such circumstances plaintiff is no more entitled to recover than if it had filed its 1917 return upon the accrual basis. See Willcuts v. Gradwohl, supra.

Judgment affirmed.