CREDIT ALLIANCE CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 100561.   Promulgated October 22, 1940.

*Dean Acheson, Esq.,* and *W. Graham Claytor, Esq.,* for the petitioner.
*Joe D. Hughes, Esq.,* for the respondent.

OPINION.

DISNEY: The question before us is: To what dividends paid credit is the petitioner entitled under the Revenue Act of 1936 because of distributions made by it in that year? Section 14 of that act imposes a tax upon "undistributed net income", to compute which it is necessary to deduct from net income (adjusted in other particulars not here important) the sum of the dividends paid credit. Section 27 (a) provides that such dividends paid credit shall be the amount of the dividends paid during the taxable year. Section 27, by subsections (f) and (h), provides as follows:

(f) DISTRIBUTIONS IN LIQUIDATION.—In the case of amounts distributed in liquidation the part of such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913, shall, for the purposes of computing the dividends paid credit under this section, be treated as a taxable dividend paid.

\* \* \* \* \* \* \*

(h) NONTAXABLE DISTRIBUTIONS.—If any part of a distribution (including stock dividends and stock rights) is not a taxable dividend in the hands of such of the shareholders as are subject to taxation under this title for the period in which the distribution is made, no dividends paid credit shall be allowed with respect to such part.

In the taxable year the petitioner distributed from its surplus earnings and profits and by way of complete liquidation cash and property of the value of $950,734.80, of which $947,228.40 or 99.63 percent of the distribution was received by a corporation owning the same percentage of its stock. Petitioner therefore contends that the amount distributed to the parent corporation is the basis for a dividends paid credit under the terms of section 27 (f); while respondent argues that under section 27 (h) the distribution does not constitute a dividends paid credit, for the reason that the distribution is not a "taxable dividend" because profit or loss is not recognized in the hands of the distributee, under the language of section 112 (b) (6) of the Revenue Act of 1936.[1]

1. The petitioner argues that subsection (f) is an exception to subsection (h); the respondent, that subsection (h) is a limitation upon subsection (f). The petitioner contends that it was the intent of Congress through section 112 (b) (6) to encourage liquidation of corporations in chains of holding companies and that to deny the dividends paid credit would nullify such encouragement; whereas the respondent contends that the prime object in the legislation was to force either the corporation or the distributee-stockholder to pay tax.

Excerpts from the committee reports can be found to bear out in some measure both views. We think it obvious that Congress had in mind both the idea of forcing the payment of tax upon corporate earnings and of encouraging liquidations of corporations forming parts of corporate chains. After reviewing the various committee reports on the subject, we have concluded that they are not inconsistent upon the present question, and that, considering the form of the legislation, it can be resolved by the application of the usual principles of interpretation.

With reference to such principles of interpretation, the petitioner urges that subsection (f) is a more particular subsection than subsection (h), and therefore under the familiar principle in that regard must control over subsection (h); while the respondent points out that subsection (h) is later than subsection (f) in the statute and therefore should be considered as an exception to subsection (f).

---

[1] (6) PROPERTY RECEIVED BY CORPORATION ON COMPLETE LIQUIDATION OF ANOTHER.—No gain or loss shall be recognized upon the receipt by a corporation of property distributed in complete liquidation of another corporation. For the purposes of this paragraph a distribution shall be considered to be in complete liquidation only if—

(A) the corporation, receiving such property was, on the date of the adoption of the plan of liquidation, and has continued to be at all times until the receipt of the property, the owner of stock (in such other corporation) possessing at least 80 per centum of the total combined voting power of all classes of stock entitled to vote and the owner of at least 80 per centum of the total number of shares of all other classes of stock (except non-voting stock which is limited and preferred as to dividends), and was at no time on or after the date of the adoption of the plan of liquidation and until the receipt of the property the owner of a greater percentage of any class of stock than the percentage of such class owned at the time of the receipt of the property; * * *

We do not consider the latter principle of great weight. Though sometimes recognized, it is "a purely arbitrary rule of construction which is subject to the rule that the statute must be construed as a whole to find the legislative intent." 59 C. J. 1000. It has been called artificial, not inflexible, and to be resorted to only *in extremis*. *People ex rel. Mason* v. *McClane*, 90 N. Y. 83; *Commercial Trust Co.* v. *Hudson County Board of Taxation*, 86 N. J. L. 424; 92 Atl. 263.

In *Rodgers* v. *United States*, 185 U. S. 83, the Court said:

\* \* \* So, when in section 13, Congress prescribed a general rule for the salaries of naval officers, such general rule cannot within the scope of this canon be understood as repealing the special provision in the prior section, but the special provision must be taken as an exception to and limitation of the general rule.

As indicated in *Rodgers* v. *United States, supra*, the common rule that a specific provision shall be held to control one more general is more salutary and stronger than the idea that the later of two provisions is the exception. We therefore consider the question whether subsection (f) or, on the contrary, subsection (h) is the more specific provision. Subsection (h) concerns itself with distributions in general, the subject matter being that any part of a distribution to confer dividends paid credit must be a taxable dividend. Subsection (f) concerns itself with distributions in liquidation, and the gist of the subject matter is that any part of a liquidation distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913, shall be treated as a taxable dividend paid. It seems to us wholly obvious that, on the face of the two subsections, (f) is the more specific. Indeed, not only does it limit its effect to distributions in liquidation, patently a subdivision of "distributions" covered by subsection (h), but closer examination reveals that it is even more specific, for it involves, covers, and is effective upon not the entire distribution in liquidation, but only a specific part thereof, to wit, the part "which is properly chargeable to the earnings or profits", etc. We think it can not be denied that subsection (f) is the more specific subsection and that its language in general is to be given effect greater than that of subsection (h). Since in *Rodgers* v. *United States, supra*, the Court followed the more particular previous section rather than the later more general provision as to salaries of naval officers, we seem to be required here to consider and give effect to what is said in subsection (f) as to a certain part of a distribution in liquidation, rather than the language of subsection (h) as to distributions in general. The respondent calls our attention to the case of *Centennial Oil Co.* v. *Thomas*, 109 Fed. (2d) 359; certiorari denied, 309 U. S. 690, in which the majority opinion held that "Subsection (h) modifies subsection

(f) * * * by way of exception", and denies dividends paid credit for a distribution in liquidation under section 112 (b) (6). The petitioner takes sharp issue with the decision and urges us to follow the views expressed in an extensive dissenting opinion to the effect that subsection (f) is not in conflict with, or modified by, subsection (h) and confers dividends paid credit.

Examination of the majority view discloses that it relies, without discussion, upon the idea that subsection (h) modifies (f) as an exception thereto and that, though a distribution in liquidation of profits will in general be treated as an ordinary taxable dividend, conferring dividends paid credit, credit is not to be allowed unless the distribution is a taxable dividend in the hands of the distributee. The conclusion of the court that subsection (h) is an exception to subsection (f), though urged upon us by the respondent here, is in contradiction of language used in the Treasury regulation propounded upon the subject.

Regulations 94, article 27 (f)–1, in part, recites:

To the general rule that the dividends paid credit is allowable only with respect to taxable dividends paid, section 27 (f) makes one exception, namely, for that part of an amount distributed in liquidation which, under the Act, constitutes a distribution of, and is properly chargeable to, earnings or profits accumulated after February 28, 1913. * * *

We are of the opinion that the above language of the regulations is properly based upon that of the statute, not only because of the fact that the language in subsection (f) is more specific than that in subsection (h), but because the language of subsection (f) precludes the application of subsection (h) to it, if, as principles of statutory interpretation require, we give effect to all of the language of both subsections. Subsection (h) provides in effect that in order to confer dividends paid credit a distribution must be a taxable dividend in the hands of shareholders who are subject to taxation; but subsection (f) seems on its face designed to fulfill the requirement of "taxable dividend" in the case of a distribution in liquidation as to the part properly chargeable to earnings and profits, for it, with minute particularity, provides that such part of the liquidation distribution "shall * * * be treated as a taxable dividend paid." In other words, subsection (f) provides that the distribution complies with subsection (a) in that it shall be considered "paid" and further complies with subsection (h) in that it shall be treated as "a taxable dividend." To say, as does the respondent, that subsection (h) limits (f) and provides that although under the language thereof the distribution shall "be treated as a taxable dividend paid", it must, nevertheless, in order to confer dividends paid credit, be to the distributee "a taxable dividend", seems repetition without meaning, for subsection (f) has already provided that this particular type of distribution

shall be treated as such taxable dividend. Not only so, but it shall be so treated "for the purposes of computing the dividends paid credit under this section." If subsection (f) does not entitle the distribution there involved to the dividends paid credit, it would seem useless to provide treatment of it for the purpose of *computing* such dividends paid credit. Computation thereof without allowance would be idle. If subsection (f) merely provided that the distribution there involved be "treated as a dividend", plainly subsection (h) would directly apply and credit would be denied if the dividend was not also taxable. But the same phrase which provides treatment of the distribution as a dividend requires treatment as taxable dividend. There is no opportunity for the distribution to be considered a dividend without being considered taxable and paid, and subsection (h), requiring a distribution to be taxable, has already been complied with, and is in that respect superfluous. In effect, respondent's view that subsection (h) must be applied to subsection (f) is tantamount to the view that subsection (f) merely provides that the distribution be considered a "dividend paid" and ignores the expression "taxable." Congress might well have so provided. A distribution in liquidation is not considered a dividend; *Hellmich* v. *Hellman*, 276 U. S. 233; and the object of subsection (f) in that regard is plain—to include in the category of "dividends" that which is not a dividend, to wit, a distribution in liquidation. Had Congress stopped there, that purpose would have been accomplished, and, as the respondent argues, distributions in liquidation (to the extent of the part "properly chargeable to the earnings or profits", etc.) would, though treated as dividends, still have been subject to the more specific requirement of subsection (h) that they be "taxable", and since under section 112 (b) (6) there is no recognition of gain or loss in case of the liquidation involved, the dividends paid credit would not have been allowable. But Congress did not stop at that point, but proceeded further to provide specifically that the treatment of the distribution should be also "as taxable", and, as if to close the matter completely, "paid" as well. Subsection (f) provides the specification "taxable" and (h) adds nothing in that regard.

Viewing all of the language of both sections as we must, and giving it ordinary significance, we come to the conclusion that subsection (f) is not modified by subsection (h), and, with all respect for the majority opinion in *Centennial Oil Co.* v. *Thomas, supra,* we differ with the conclusion there expressed.

Though our conclusion that subsection (h) does not modify or limit subsection (f) may be reached by considering subsection (f) as modifying the more general terms of subsection (h), we think that neither section modifies the other, but that they cover different ground. In our opinion, Congress by subsection (h) intended to

cover dividend distributions and to say that, if taxable, they confer dividends paid credit; and, separately, intended by subsection (f) to cover a different category, to wit, distributions in liquidation, and to say that, although not within the category of "dividends", they shall be treated so as to confer dividends paid credit, to the limited degree provided in subsection (f). The fact that dividends and distributions in liquidation had been theretofore by the Supreme Court considered in different categories suggests a separation made by Congress between subsections (f) and (h), the one covering dividends, the other, to a limited degree, liquidation distributions, which would otherwise not receive treatment as dividends, for subsection (h) by its terms requires a distribution to, be a "taxable *dividend*" (italics supplied) in order to gain the "dividends paid" credit. Subsection (h) does not cover the subject matter of subsection (f). Covering *dividends*, it may modify subsection (g) as to preferential dividends without modifying subsection (f), which embraces a different subject. Its use of the word "dividend" does not limit (f), but eliminates it from the category covered by (h). It is not without significance that subsection (h) includes and covers, by special parenthetic inclusion, subsection (e) as to stock dividends, but does not so include subsection (f). Subsections (e) and (f) both cover categories of distribution ordinarily viewed differently from ordinary dividends. Under the doctrine of *expressio unius exclusio alterius*, there is reason to believe that subsection (h) was definitely not intended to cover the subject matter of subsection (f).

2. However, the conclusion that subsection (h) does not limit subsection (f) does not settle the problem presented to us. The respondent contends, in effect, that subsection (f) confers dividends paid credit only as to that part of a distribution in liquidation which is "properly chargeable to the earnings or profits accumulated after February 28, 1913", that it is not properly chargeable if there is no recognition of profit or loss to the distributee, and that, since section 112 (b) (6) precludes such recognition, no dividends paid credit can be allowed. An interpretation of the expression "properly chargeable to the earnings or profits" is required of us. The petitioner's view is that only a distinction between charge to earnings or profits, or to capital, was intended by Congress; the respondent's attitude is based upon such cases as *Commissioner* v. *Sansome*, 60 Fed. (2d) 931; certiorari denied, 287 U. S. 667, which hold that if a corporate reorganization results in no recognition of profit or loss to the distributee corporation, as to earnings or profits of the distributor corporation, they remain for purposes of distribution "earnings or profits" of the distributee corporation, and do not become capital of the distributee. The precise question in the *Sansome* case

was whether a stockholder in both the distributor and the distributee corporation should, upon the liquidation of the distributee, be taxed upon what he received as a dividend or be allowed to apply against it the cost of his stock in the original corporation. Under the then revenue act, a distribution in liquidation was taxable as a dividend and not as capital gain, to the extent of corporate earnings or profits. The court held the distribution to be from earnings and profits, though the distributee corporation had itself made no profit. Does the *Sansome* decision have bearing upon section 27 (f), Revenue Act of 1936, as to undistributed profits tax?

Our difficulty with the respondent's view is that it is not in accord with the usual significance of the term "properly chargeable" to the earnings and profits. We think it obvious that ordinary use and interpretation of the expression indicates what is paid or distributed out of earnings or profits, as contradistinguished from that which is distributed out of the capital, such as was done in the amount of approximately $3,700,000 in the liquidation here involved. That only a distinction between capital and earnings or profits is intended in section 27 (f) seems indicated by the language of section 115 (g) of the Revenue Act of 1936. Therein, with reference to distributions in redemption of stock essentially equivalent to the distribution of a taxable dividend, it is provided that the amount distributed shall be treated as a taxable dividend paid "to the extent that it *represents* a distribution of earnings or profits accumulated after February 28, 1913." (Italics supplied.) Patently, a distinction between capital and earnings or profits was intended. Was that not all that was intended in section 27 (f)? Again, we find in section 115 (c) the provision that in case of distribution in partial liquidation the part of such distribution "which is properly chargeable to *capital account* shall not be considered a distribution of earnings or profits." (Italics supplied.) This seems, in the converse, to indicate the same distinction between capital account and earnings or profits, as herein involved. The same is true of section 113 (b) (1), having reference to adjustment of the basis for determining gain or loss. "Proper adjustment * * * shall in all cases be made * * * for expenditures, receipts, losses, or other items, *properly chargeable to capital account.*" (Italics supplied.) It is obvious that in subsection (f) the language "the part of such distribution which is properly chargeable to the earnings or profits accumulated after February 28, 1913" eliminates earnings or profits accumulated prior to that date. It seems equally plain that Congress did not intend to confer dividends paid credit for a return of capital. The intent, in our opinion, went no farther. Indeed, Regulations 94, article 27 (f)–1 (*b*) states: "To determine the

amount properly chargeable to the earnings or profits accumulated since February 28, 1913, there must be deducted from the amount of the distribution that part allocable to capital account." The regulation goes on, however, to state that, "The capital account, for purposes of these regulations, includes" amounts representing the value of the stock, the stockholder's share of paid-in surplus and "such other corporate items, if any, which for purposes of income taxation, are treated like capital in that they are not taxable dividends when distributed but are applied against and reduce the basis of the stock," and concludes that the remainder of the distribution in liquidation is properly chargeable to earnings and profits. Yet the respondent allowed the dividends paid credit upon the amount distributed to the minority stockholders—which amounts, of course, because distributed in liquidation "are applied against and reduce the basis of the stock" under section 115 (c), being "treated as in full payment in exchange for the stock." Thus we see that respondent's reason for a distinction between petitioner and the minority stockholders fails, and his position is seen to depend upon nontaxability of the distribution. The intent of the Revenue Act of 1936 in this matter is indicated by the report of the subcommittee to the Committee on Ways and Means (March 26, 1936), recommending the undistributed profits tax:

In computing undistributed net income, it is recommended that the corporation be allowed a deduction for any part of liquidating dividends properly allocable to earnings and profits, but no deduction shall be given for the portion thereof properly chargeable to capital account.

We think, therefore, that such cases as *Commissioner* v. *Sansome, supra,* do not suffice to demonstrate that under section 27 (f), and "for the purposes of computing the dividends paid credit under this section", there was no part of the distribution in liquidation "properly chargeable to the earnings or profits * * *." Cases considering reorganizations and "transfer of profits" intact, as respondent phrases the matter, do not convince that herein there was not *distribution* of profits, to a distributee in liquidation. Such cases as *Commissioner* v. *Sansome, supra,* consider and interpret different statutes and have to do with the position of a transferee corporation, not the distributing corporation, as here, and the fact that the distributee may be considered to be distributing its profits and not capital when it distributes the distribution in liquidation does not, in our opinion, for purposes of section 27 of the Revenue Act of 1936, determine the present question of dividends paid credit.

In arriving at this conclusion we do not disregard respondent's contention that the Revenue Act of 1938 added "property or money" to the language of section 115 (h) of the Act of 1936, to the effect that a nontaxable distribution of "stock or securities" of the dis-

tributor or another corporation should not be considered distribution of earnings or profits. Respondent argues that the 1938 Act merely clarifies the intent of that of 1936. We do not think that the latter act was a clarification. It seems, on the contrary, clearly an addition to what was not enacted in 1936. We therefore do not apply it to the transactions in 1936 here involved. Moreover, the fact that section 115 (h) provides that distribution of *stock or securities* shall not be considered distribution of earnings or profits if no gain to distributee is recognized, indicates that here, where *stock or securities* are not involved, the distribution under the general language of section 115 (b) "is made out of earnings or profits" regardless as to recognition of gain to the distributee.

The respondent says that there has been implied Congressional approval of its interpretation of section 27, inasmuch as Regulations 94, article 27 (f)-1, setting forth his view of the statute, was promulgated prior to the substantial reenactment of the 1936 statute in 1938. This is, of course, a "weight in the scale", *Woolworth Co. v. United States*, 91 Fed. (2d) 973, but to be somewhat sparingly applied where the reenactment is not continued and the statute is later repealed, as herein in 1939. Moreover, it can not with accuracy be said there was reenactment without substantial change in 1938, since the undistributed profits tax was not continued in the legislation of that year. Considering the whole state of flux of the subject, we think we should give no great consideration, in construing the 1936 Act, to what was done in 1938, and undone in 1939.

Petitioner contends that the respondent's Regulations 94, article 27 (f)-1 (c), is without statutory authority. That section provides in effect that in case a corporation distributes in liquidation to another corporation its earnings or profits under section 112 (b) (6), any dividend paid by the transferee corporation later in the same year may be allocated to the transferor as a distribution of its earnings or profits. Inasmuch as herein petitioner's parent corporation-distributee paid no such dividends during the taxable year and no such allocation was made, we consider it unnecessary here to pass upon the validity of that portion of the regulation. Our conclusions above expressed signify that we consider as exceeding the statute Regulations 94, article 27 (f)-1 (a), (b), wherein there is in substance set forth the view of section 27 (f) which is advanced by the respondent herein.

We therefore conclude and hold that the petitioner is entitled to dividends paid credit in the amount of the distribution in liquidation to the Commercial Credit Co., to wit, $947,228.40, and that the respondent erred in disallowing same.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

BLACK, dissenting: I respectfully dissent from the majority opinion. I am unable to agree with the view that subsection (f) is not limited by subsection (h) of section 27, Revenue Act of 1936. My views in that respect harmonize with the views expressed in the opinion of the majority of the court in *Centennial Oil Co.* v. *Thomas*, 109 Fed. (2d) 359. Hence, I will only say that I think that case should be followed in our decision of the instant case.

TURNER agrees with this dissent.