LITTLE GEM COAL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 101112. Promulgated June 18, 1941.

*William B. White, Esq.*, for the petitioner.
*Frank M. Thompson, Esq.*, for the respondent.

KERN: The question presented by this proceeding is whether under the facts above stated the original Little Gem Co. is entitled to a dividends paid credit, under section 27 of the Revenue Act of 1936, in the amount of $15,000 representing a dividend declared by one of the corporations merged in petitioner in favor of its sole stockholder, a corporation which was the other party to the merger, the declaration being made at the time of the merger and the form of payment being the cancellation of indebtedness arising by reason of advances made during the taxable year by the corporation declaring the dividend to its sole stockholder.

Respondent contends that the distribution in question must be considered as one in liquidation and nontaxable and, by reading section 27 (h) as a limitation on section 27 (f), concludes that no dividends paid credit should be allowed therefor.

We have recently ruled adversely to respondent's ultimate contention in *Credit Alliance Corporation*, 42 B. T. A. 1020. On the authority of that case we decide the issue in favor of petitioner.

The case of *Reed Drug Co.*, 44 B. T. A. 573, is not in point and does not impose any limitation on the rule laid down in *Credit Alliance Corporation*, *supra*, in so far as the latter is applicable to this proceeding. In *Reed Drug Co.*, *supra*, there was a distribution by a corporation to its stockholders of stock in another corporation. Section 115 (h) of the Revenue Act of 1936 provided that such a distribution should "not be considered a distribution of earnings or profits." We held that that section, entitled "Effect on Earnings and Profits of Distribution of Stock," should be read in connection with section 27 (f) in determining whether a distribution is chargeable to earnings or profits accumulated after February 28, 1913. Since the distribution here in issue was not a distribution of stock, it is apparent that section 115 (h) has no application; and the *Reed Drug Co.* case, which is in no way concerned with section 27 (h), can not be considered as impairing the authority of *Credit Alliance Corporation*, *supra*, for the proposition that section 27 (h) will not be read as a limitation on section 27 (f).

It is, therefore, unnecessary to consider petitioner's arguments to the effect that the dividend in question was, in reality, distributed at the time the advances were made which were later canceled; that the dividend, in any event, was an ordinary dividend taxable to the stockholder as distinguishable from a liquidating dividend; and that under the law of Alabama the merger was not a liquidation.

*Decision will be entered for the petitioner.*