LANE-WELLS COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

TECHNICRAFT ENGINEERING CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 99829, 99830.    Promulgated September 25, 1941.

*Raphael Dechter, Esq.,* for the petitioners.
*E. A. Tonjes, Esq.,* and *Alva C. Baird, Esq.,* for the respondent.

### SUPPLEMENTAL OPINION.

BLACK: This is a reconsideration of issues (g) and (h) of our report promulgated January 31, 1941, in the above entitled proceedings. See 43 B. T. A. 463. In this report we said in part:

From petitioner's exhibit 28, introduced in evidence by agreement between the parties, Technicraft's earned surplus, at the time of its merger with the Lane-Wells Co. of Delaware, August 31, 1937, was $55,660.84 and not $65,814.75 as alleged in its assignment of error. The correct amount of Technicraft's earned surplus transferred to the Lane-Wells Co. of Delaware in the reorganization should be used in a recomputation under Rule 50.

In our findings of fact we made a finding that Technicraft's balance sheets showed total assets in excess of total liabilities on August 31, 1937, of $155,660.84. The evidence for this finding was petitioner's Exhibit 28, which also showed such net assets of $155,660.84 to be represented by or made up of the following items:

| | |
|---|---:|
| Capital stock | $25,000.00 |
| Appropriated surplus | 75,000.00 |
| Surplus account before charging dividends | 10,060.47 |
| Income account—year to date | 85,600.37 |
| Dividends | (40,000.00) |
| | 155,660.84 |

In our report promulgated January 31, 1941, we arrived at Technicraft's earned surplus of $55,660.84 by taking the net result of the last three items shown in the immediately preceding paragraph. If "Technicraft's earned surplus, at the time of its merger with the Lane-Wells Co. of Delaware, August 31, 1937" were at least the amount of $65,814.75, it would not be liable under *Credit Alliance Corporation*, 42 B. T. A. 1020; affd., 122 Fed. (2d) 361, for the calendar year 1937 for any surtax on undistributed profits under section 14 of the Revenue Act of 1936 or for any surtax on personal holding companies under section 351 of the Revenue Act of 1936 as amended by section 1 of the Revenue Act of 1937, and, instead of deficiencies for 1937 of $1,196.80 and $40,992.05 and a penalty of $10,248.01, as determined by respondent, there would be an overassessment for that year. That this is true is demonstrated by the fact that the parties agree that Technicraft's net income for 1937 is $123,123.24; that its normal tax for 1937 is $17,308.49; that the tax previously assessed for 1937 was $27,003.71; and that it is entitled to a dividends paid credit (exclusive of any earned surplus on August 31, 1937) of $40,000. See sec. 14 (a) and (b), Revenue Act of 1936, and sec. 1, Revenue Act of 1937. In other words, if for 1937 Technicraft's "dividends paid credit" is the amount of $105,814.75 instead of $40,000, it will owe no surtaxes for that year, as the following computation illustrates:

### Surtax on Undistributed Profits

| | |
|---|---|
| Net income | $123,123.24 |
| Minus normal tax, sec. 14 (a) (1) (A) | 17,308.49 |
| Adjusted net income | 105,814.75 |
| Minus dividends paid credit, sec. 14 (a) (2) | 105,814.75 |
| Undistributed net income | None |

### Surtax on Personal Holding Companies

| | |
|---|---|
| Net income | $123,123.24 |
| Deduct: Federal income tax, sec. 356 (a) (1) | 17,308.49 |
| Adjusted net income | 105,814.75 |
| Minus dividends paid credit, sec. 355 (a) | 105,814.75 |
| Undistributed adjusted net income | None |

Was Technicraft's earned surplus at the time of its merger with the Lane-Wells Co. of Delaware on August 31, 1937, at least the amount of $65,814.75?

On May 12, 1941, we granted at the request of both parties a "Joint Motion to Open Record and for the Introduction of Further Evidence." The purpose of the evidence to be introduced was to show the amount of petitioner's earned surplus at the time it transferred its assets to the Lane-Wells Co., in liquidation, in 1937. On May 29, 1941, the parties filed the following stipulation of facts:

It is hereby stipulated and agreed, by and between the parties hereto, through their respective attorneys, that:

1. The item of $75,000.00, appearing on Petitioners' Exhibit 28, being a "Statement of assets and liabilities as shown by the books of Technicraft Engineering Corporation as at May 31, 1937, June 30, 1937, July 31, 1937, and August 31, 1937," and described as "appropriated surplus" was set up out of the earnings of Technicraft Engineering Corporation.

2. The said Petitioners' Exhibit 28 does not reflect the liability of the Technicraft Engineering Corporation for the taxes in controversy herein; and the surplus as reflected by said Exhibit 28 has not been reduced by any amount on account of the said taxes in controversy herein, and the books of the said Technicraft Engineering Corporation do not show any reserve for the taxes in controversy.

Upon the basis of this stipulation both parties agree in their briefs that the appropriated surplus of $75,000 should be added to the earned surplus of $55,660.84 determined by the Board, thus making as a starting point an earned surplus of $130,660.84. From this amount, the respondent contends, there should be subtracted as a liability not reflected by Exhibit 28 all the taxes and penalties which he has determined in his deficiency notice in the total amount of $74,625.59, thus bringing the earned surplus down to $56,035.25.

Petitioner concedes that the $130,660.84 should be reduced by the taxes and penalties for the years 1934, 1935, and 1936, which in no event will exceed $22,210.55, which would bring the earned surplus down to $108,450.29, or $42,635.54 in excess of the amount of $65,-814.75. The amount of $65,814.75 was the sum which the Commissioner determined as petitioner's undistributed income for the year 1937.

Petitioner contends that there should not be any reduction in its earned surplus on account of 1937 taxes because there will be no deficiency under the Board's decision for that year, but that on the contrary there will be an overassessment. It seems clear that this is true. Under the decision of the Board, following *Credit Alliance Corporation, supra*, petitioner will be entitled to a dividends paid credit, under section 27 (f) of the Revenue Act of 1936, of more than the Commissioner has determined to be its undistributed profits for 1937. Cf. *Commissioner* v. *Kay Manufacturing Co.*, 122 Fed. (2d) 443. Therefore, since it is true that there will be no deficiency against petitioner for the year 1937, it follows that its earned surplus should not be reduced by the accrual of any additional tax liability for that year. On this point we sustain petitioner.

Therefore, we find as a fact that Technicraft's earned surplus, at the time of its merger with the Lane-Wells Co. of Delaware, on August 31, 1937, was at least the amount of $108,450.29 and that this surplus represented earnings and profits accumulated after February 28, 1913.

Issues (g) and (h) of our report promulgated January 31, 1941, are modified accordingly.

*Decision will be entered under Rule 50.*