STIMSON MILL COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 104290. Promulgated January 22, 1942.

*E. E. Adams, C. P. A.*, for the petitioner.
*T. M. Mather, Esq.*, for the respondent.

### OPINION.

STERNHAGEN: In determining a deficiency of $380 in petitioner's income tax for 1938, the Commissioner disallowed a loss of $2,000, saying:

The loss claimed in your return of $2,000 upon the liquidation of Second Holding Corporation is disallowed for the reason that the transaction in which the loss is claimed to have occurred represented the receipt of property upon

complete liquidation of another corporation in connection with which no loss may be recognized under section 112 (b) (6) of the Revenue Act of 1938. In addition, the basis of loss of the stock in question has not been proven.

The facts are found as stipulated. The return was filed in Tacoma, Washington.

The petitioner owned all the shares of the Second Holding Corporation from the time of its organization in 1930, having received them in exchange for two tracts of land from which petitioner had removed the timber. The cost to petitioner of the land, and hence its basis for the shares, was $9,000. Second Holding Corporation was organized for the sole purpose of liquidating the land and transferring the proceeds to petitioner as soon as converted into cash. Such proceeds were transferred to petitioner, as follows:

| | |
|---|---:|
| 1931 | $1,038. 50 |
| 1932 | 1,185. 00 |
| 1937 | 279. 99 |
| 1938 | 2,158. 65 |
| Total | 4,662. 14 |

The Second Holding Corporation was then abandoned, after the trustees had resolved that the liquidation begun in 1931 was completed and that the payment of the foregoing liquidating dividends was approved.

The $2,158.65 received by the petitioner in 1938 was the last item of liquidation of the Second Holding Corporation. By section 115 (c) of the Revenue Act of 1938 it "shall be treated as in part or full payment in exchange for the stock. The gain or loss to the distributee resulting from such exchange shall be determined under section 111, but shall be recognized only to the extent provided in section 112." By section 111, "the loss shall be the excess of the adjusted basis provided" in section 113 (b) "for determining loss over the amount realized." The amount realized is, by section 111 (b), "the sum of any money received." The extent of the gain is, by section 111 (c), determinable under section 112.

Section 112 covers the entire subject of recognition of gain or loss, and provides as the general rule that upon sale or exchange of property the entire amount of gain or loss shall be recognized, and provides specific exceptions. Subdivision (b) describes eight exceptions of "exchanges solely in kind", and subdivisions (c), (d), and (e) describe exceptions of "exchanges not solely in kind." The Commissioner's determination that no loss of petitioner may be recognized is founded upon section 112 (b) (6), dealing with "Property Received by a Corporation on Complete Liquidation of Another", which provides, "No gain or loss shall be recognized upon the receipt by a cor-

poration of property distributed in complete liquidation of another corporation." The petitioner contends that section 112 (b) (6) is inapplicable because its receipt of only money may not be regarded as a receipt of property.

The petitioner's position is correct. The entire Supplement B, sections 111 to 121, covering the subject of computation of net income, contains repeated references to property and to money in separate classes and there is a clear manifestation of legislative intent to prevent the confusion of one with the other. A taxpayer corporation which bought a property for $x organized a new corporation, to which it transferred the property in exchange for all the shares, had the new corporation sell the property for $3x, and transferred the $3x to the taxpayer in complete liquidation, would surely not have been permitted to avoid tax on the $2x gain in reliance upon section 112 (b) (6). The no-gain-or-loss provision was intended to cover situations in which the corporate taxpayer received property and not money, so that realization would not occur until the property was converted into cash. In a liquidation of property requiring a further step by the distributee to bring about realization of money, no gain or loss was to be recognized as the subject of tax or deduction until the conversion into money. How else and when would such a clear gain as appears in the foregoing illustration be taxed? We can not agree, therefore, with the conclusion of G. C. M. 19,435, 17 C. B. (1), p. 176.

The holding of *Halliburton* v. *Commissioner*, 78 Fed. (2d) 265, construing the word property in section 203 (b) (4), Revenue Act of 1924 (section 112 (b) (5), Revenue Act of 1938), as including money, may not be extended beyond its own rationale into any of the other subdivisions of section 112. The reasoning of the court was to promote the intendment of subdivision (b) (5), and the language of the opinion was clearly limited within that scope. It may not be adopted as a pronouncement that elsewhere in the statute the meaning of the word property must be read as including money. No decisions have applied the doctrine to any other provisions of the statute. See *Portland Oil Co.* v. *Commissioner*, 109 Fed. (2d) 479, 488; *George P. Skouras*, 45 B. T. A. 1024.

The Commissioner was in error in disallowing any deduction for petitioner's loss. The deduction should have been allowed within the capital loss limitation, and the determination is reversed.

*Decision will be entered for the petitioner.*