Tri-Lakes Steamship Company et al. [1] v. Commissioner. Tri-Lakes S.S. Co. v. Commissioner
Docket Nos. 279, 284, 285, 286, 287.
United States Tax Court
1943 Tax Ct. Memo LEXIS 21; 2 T.C.M. (CCH) 1150; T.C.M. (RIA) 43521; December 24, 1943
*21 Thomas H. Adams, Esq., 3250 Penobscot Bldg., Detroit, Mich., and Edward H. Yost, Esq., for the petitioners. Philip M. Clark, Esq., for the respondent. STERNHAGEN Memorandum Opinion STERNHAGEN, Judge: The Commissioner determined a deficiency of Tri-Lakes Steamship Company for 1941 of $50,323.53 in income tax and $20,020.35 declared value excess-profits tax, and determined transferee liabilities of the other four petitioners. The transferor assails the determination of the deficiency, and the transferees admit liability for the deficiency if it is sustained. The taxpayer assails the deficiency determination on the ground that its receipt of money from its subsidiary in a liquidation is not the occasion for the recognition of gain. The facts are all stipulated. The returns were filed in Michigan. The Tri-Lakes corporation in 1938 bought all the outstanding shares of the Leathem D. Smith Steamship Company at a cost of $29,000. In 1941, the Smith corporation dissolved; Tri-Lakes surrendered the Smith shares, and in liquidation, Tri-Lakes received two checks for $207,000. The Commissioner treated the difference, $178,000, between the cost, $29,000, and the amount received in liquidation, *22 $207,000, as taxable gain. The petitioner concedes that the case is not distinguishable in principle from Stimson Mill Co., 46 B.T.A. 141, but asks reconsideration of the question of the applicability of Section 112 (b) (6), Internal Revenue Code. We have considered the petitioner's argument, but find no occasion to reach a different conclusion than we reached in the Stimson case, i.e., the receipt of money alone in liquidation is not within the nonrecognition provision of Section 112 (b) (6). We adhere to our conclusion of the Stimson case. That decision was affirmed in Commissioner v. Stimson Mill Co., 137 Fed. (2d) 286, but on a different ground, and thus the opinion of this Court on the ground upon which it was based was left undisturbed. The petitioner cites Robert Gage Coal Co., 2 T.C. 488, 501. That case did not consider the question whether a liquidating distribution wholly in cash was covered by Section 112 (b) (6), but only whether the distribution there under consideration was an ordinary dividend or a liquidating distribution, holding that it was a liquidating distribution *23 and therefore covered by Section 112 (b) (6). The present question was apprently not debated. It does not, therefore, detract from the force of the Stimson decision. The Commissioner relies entirely upon this Court's opinion in the Stimson case, and upon the authority of that decision the Commissioner's determination is sustained. The stipulation, paragraph 15, states that the payments of 1941 "were to the extent of $173,240.43 out of earnings and profits of Leathem D. Smith Steamship Company for the taxable year 1941 * * *." The petitioner contends that if, as has now been held, the $207,000 involves recognition of gain, petitioner is entitled, under Section 26 (b), to a credit of 85 per cent of $173,240.43. This, however, would be to recognize the liquidation distribution of $207,000 as a dividend pro tanto, for Section 26 (b) accords the dividends received credit only to dividends and it is not applicable to gains received in liquidation. This was not a dividend under Section 115 (a), but a liquidation distribution under Section 115 (c). Cf. Hellmich v. Hellman, 276 U.S. 233; Foster v. United States, 303 U.S. 118; *24 White v. United States, 305 U.S. 281. Furthermore, a credit under 26 (b) is not to be applied to the amount received in distribution out of earnings and profits as is the dividend paid credit covered by Section 27. Helvering v. Credit Alliance Corp., 316 U.S. 107; cf. Robert Gage Coal Co., 2 T.C. 488. A point as to an $85.65 understatement of loss is conceded by the Commissioner, and will be considered in recomputation. Decision will be entered under Rule 50. Footnotes
1. Proceedings of the following petitioners are consolidated herewith: Walter S. Brown, "Transferee of Assets of Tri-Lakes Steamship Company"; Sparkman D. Foster, "Transferee of Assets of Tri-Lakes Steamship Company"; William Nicholson, "Transferee of Assets of Tri-Lakes Steamship Company"; William F. Deane, "Transferee of Assets of Tri-Lakes Steamship Company."↩